Mikel Wayne HOUSTON *v.* STATE of Arkansas

CR 79-55                                           582 S.W. 2d 958

Opinion delivered July 2, 1979
(Division I)

*John W. Achor,* Public Defender, by: *James Phillips,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Mikel Wayne Houston was convicted of rape by forcible compulsion in violation of Ark. Stat. Ann. § 41-1803 (Repl. 1977) and sentenced to 20 years' imprisonment.

On appeal his counsel alleges only one error: the trial court should have allowed the introduction of evidence regarding the victim's reputation and prior sexual conduct. The trial judge properly excluded the evidence and we affirm the judgment.

Houston, age 25, was charged with raping a 16 year old girl. The victim testified that she and Houston had a date, drove to a secluded place and Houston pulled a gun on her, forcing her to have sexual intercourse. Houston testified she consented.

Houston made a pre-trial motion requesting permission to use evidence about the victim's reputation and prior sexual conduct.

An in camera hearing was held and testimony of witnesses recorded as provided for in Ark. Stat. Ann. § 41-

1810.2 (Repl. 1977). At the private hearing, one witness said he had "messed around" with the victim; another said that he had had sexual intercourse once with the victim; testimony was offered that the victim "hung around clubs and bars." The victim testified, and she essentially disputed all the unfavorable testimony.

The appellant argues that evidence should have been admitted because it was relevant and to impeach the victim's credibility since she denied the essence of the proffered testimony. Ark. Stat. Ann. § 41-1810.1 (Repl. 1977) specifically prohibits the introduction of such testimony and further states such evidence:

> . . . is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.

The statute, then, clearly prohibits the use of such evidence for the reasons argued by Houston. The trial court ruled the evidence was not relevant and we cannot say that decision was clearly erroneous.

Houston was permitted to file his own separate *pro se* brief in this case. He makes essentially the same arguments as his counsel. However, he also makes allegations of ineffective assistance of counsel. We will not consider that issue because it was not raised at the trial level. *Hilliard* v. *State*, 259 Ark. 81, 531 S.W. 2d 463 (1976).

However, relief under rule 37, Rules of Criminal Procedure, is not precluded.

Affirmed.

We agree. HARRIS, C.J. and GEORGE ROSE SMITH and BYRD, JJ.