James W. ROBINSON *v.* STATE of Arkansas

CR 79-197                                598 S.W. 2d 421
Supreme Court of Arkansas
Opinion delivered May 19, 1980

*Thomas E. Brown*, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. Appellant received a sentence of life without parole after a jury found him guilty of

capital murder. Included among the issues raised by appellant on appeal is whether the trial court erred in refusing to instruct the jury on lesser included offenses. From our review of the record, we find sufficient evidence to support an instruction on the lesser included offense of second degree murder, Ark. Stat. Ann. § 41-1503 (Repl. 1977). Therefore, we reverse appellant's conviction and remand for a new trial.

Appellant, James Robinson, was charged with capital murder on December 4, 1978, in Jefferson County Circuit Court. The information alleged that appellant, with the premeditated and deliberated purpose of causing the death of any person, caused the death of Linda Sue Williams and Dora Jackson in the course of the same criminal episode.

At the time of the alleged offense, appellant was 36 years of age and had been married for approximately ten years. He had met Linda Sue Williams approximately 2½ years earlier and entered into an extramarital relationship with her. He had apprently become ambilvalent about the relationship and sought emotional comfort from a Reverend Moore who operated a spiritual counseling service for donational fees. Reverend Moore advised appellant that Linda Sue Williams and her mother, Dora Jackson, had placed a "hex" on him and prescribed various rituals for appellant and his wife to perform to remove the spell of their influence.

In the late evening of December 2, 1978, while visiting Linda at her home after returning from a hunting trip with a friend, appellant engaged in a relatively tense conversation with Linda and her mother who were upset because they had heard that appellant had accused them of putting a "hex" on him. Although appellant at first lied and denied the accusations, Linda continued to treat him coldly and left with her mother and aunt to go to a local shopping center. Appellant, apparently disturbed by Linda's lack of attention and less than cordial attitude, followed them to the shopping center and, after approaching them again on the parking lot and being rejected, discharged a shot gun and 22 pistol at them, killing Linda and her mother and wounding Linda's aunt, Amy McKinney. Confessing to the crimes, appellant surrendered to law enforcement officials three days later.

While awaiting trial, appellant was committed on two occasions by the court for a psychological evaluation but was found to be without psychosis. During the trial appellant raised the affirmative defense of not guilty because of mental disease or defect and presented expert testimony which concluded that at the time of trial appellant was a psychotic schizophrenic. Appellant's experts also indicated that at the time of the crime, appellant was "confused" and probably in a "dreamlike state." At the conclusion of the evidentiary presentation, the appellant's attorney requested the trial court to instruct the jury on first degree murder, second degree murder and manslaughter in addition to the instructions on capital murder. The court refused and appellant now alleges error.

No right has been more zealously protected by this court than the right of an accused to have the jury instructed on lesser offenses included in the more serious offense charged. *Caton* & Headley v. *State*, 252 Ark. 420, 479 S.W. 2d 537 (1972). Where there is the slightest evidence to warrant such an instruction, we have consistently held that it is error to refuse to give it. *King* v. *State*, 117 Ark. 82, 173 S.W. 852 (1915); *Walker* v. *State*, 239 Ark. 172, 388 S.W. 2d 13 (1965); *Westbrook* v. *State*, 265 Ark. 736, 580 S.W. 2d 702 (1979). This is so, no matter how strongly the trial judge feels that the evidence weighs in favor of a finding of guilty on the most serious charge. Our strong preference for such an instruction has even induced us to approve giving it over the defendant's objections. *Kurck* v. *State*, 235 Ark. 688, 362 S.W. 2d 713 (1962), cert. denied 373 U.S. 910 (1963). Irrespective of a request, however, the court may refuse to give such an instruction when there is absolutely no evidence to support it. *Frederick* v. *State*, 258 Ark. 553, 528 S.W. 2d 362 (1975).

Although charged with capital murder, appellant requested an instruction on first degree murder, second degree murder and manslaughter. The crimes of capital murder and first degree murder require proof that the accused acted with premeditation and deliberation in causing the death of another. Although the premeditation and deliberation need not exist for any particular length of time, there must be a weighing in the mind of the consequences of a course of con-

duct as distinguished from acting upon sudden impulse without the exercise of reasoning powers. A failure of proof in this regard, however, may still result in a conviction of second degree murder which only requires a purposeful homicide or a homicide which was knowingly caused under circumstances manifesting extreme indifference to the value of human life.

In the instant case, the jury could only acquit appellant or convict him of capital murder. Since appellant's primary defense was insanity, a rejection of that defense in the absence of a lesser included offense provided the jury no realistic alternative but to find the requisite premeditation and deliberation or permit the appellant to go free. Although the jury concluded that appellant's evidence of mental disease or defect did not constitute a complete defense, the jury could have concluded from such evidence that appellant did not act with a premeditated or deliberated purpose. In fact, one of the defense witnesses, Mr. Phillip Simon, a psychological examiner, testified that appellant's psychological test results demonstrated a propensity to act impulsively and without forethought. Another defense expert witness, Mr. Roy Murtishaw, also a psychological examiner, indicated that on the date of the homicides appellant was probably "confused," in a "dreamlike state" and had "an unusual lack of appreciation" for what had happened. Although the evidence is strong and convincing, it is for the jury and not the court to weigh the evidence and credit that which it believes to be the most cogent.

We, therefore, hold that there was some evidence upon which the jury could have relied to find an absence of premeditation and deliberation. Under such circumstances the jury could have found the appellant guilty of second degree murder since premeditation and deliberation are not elements of that crime. On retrial the court should also include an instruction on first degree murder if the evidence again supports an instruction on second degree murder. We perceive no justification for an instruction on manslaughter, however, since it contemplates a crime committed with at least some evidence of reasonable excuse.

Although appellant asserts numerous other points for reversal, we shall limit any furhter discussion to the two which are likely to again confront the lower court on a retrial. Appellant alleges that the trial court erred in admitting photographic slides of the victims and crime scene and in allowing their display to the jury during the prosecutor's closing argument. We have held many times that the admission and relevancy of photographs is a matter largely within the sound discretion of the trial court. *Lee* v. *State*, 229 Ark. 354, 315 S.W. 2d 916 (1958). A trial court is not obliged to exclude such evidence unless its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. Ark. Stat. Ann. § 28-1001, Rule 403 (Repl. 1979). Likewise, allowing the slide display during the prosecutor's closing argument is within the sound discretion of the trial judge whose judgment will not be reversed on appeal in the absence of manifest gross abuse. *Perry* v. *State*, 255 Ark. 378, 500 S.W. 2d 387 (1973); *Hill* v. *State*, 253 Ark. 512, 487 S.W. 2d 624 (1972). Here, the photographs were not particularly inflammatory and were relevant to the issue of premeditation and deliberation and helpful in illuminating the facts for the jury's consideration. We discern no abuse of discretion.

Appellant also contends that he was entitled to a specific instruction informing the jury that he had placed in issue his mental capacity to form the kind of mental state necessary to establish the commission of the alleged offense. Appellant grounds his contention on Ark. Stat. Ann. § 41-602 (Repl. 1977) which permits the introduction of evidence of mental disease or defect to determine whehter the defendant possessed the kind of culpable mental state required for the commission of the crime charged. However, we do not construe Ark. Stat. Ann. § 41-602 (Repl. 1977) as requiring an instruction of this nature. The statute simply clarifies any issue concerning the admissibility of mental disease evidence when it is less than persuasive in connection with an affirmative defense of insanity. Moreover, the essence of appellant's proffered instruction is effectively given when the court instructs the jury on the burden of the state to prove beyond a reasonable doubt each element of the offense, especially when such instruction is accompanied by an instruction on lesser included offenses.

Reversed and remanded.