STATE of Arkansas *v.* Eddie Lee SMALL

CR 81-136                              631 S.W.2d 616

Supreme Court of Arkansas
Opinion delivered April 26, 1982

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellant and cross-appellee.

*William R. Simpson, Jr.*, Public Defender, and *Jim Petty*, Deputy Public Defender, Trial Attorney, by: *Deborah R. Sallings*, Deputy Public Defender, for appellee and cross-appellant.

ROBERT H. DUDLEY, Justice. Appellee Eddie Lee Small was charged with committing rape upon Enis Robinson on August 11, 1980. The Arkansas Rape Shield Statute, Ark. Stat. Ann. §§ 41-1810.1 and 41-1810.2 (Repl. 1977) prohibits evidence of the victim's prior sexual conduct unless, upon written motion and hearing, relevancy of the proffered evidence is established and its probative value outweighs its prejudicial effect. At the pretrial hearing appellee offered

evidence of prior inconsistent extrajudicial statements about previous acts of consensual intercourse between the prosecutrix and the appellee. The trial court ruled the proof was relevant and its relative probative value outweighed its prejudicial nature. Pursuant to the statute the state takes this interlocutory appeal. We reverse on direct appeal.

At the pretrial hearing defense counsel stated positively that *consent by the prosecutrix was not an issue;* appellee denies the act occurred and contends the charges are false. We have consistently held that acts of prior consensual intercourse with the accused are admissible only to show that consent may have been given. *Eskew & Bolton* v. *State,* 273 Ark. 490, 621 S.W.2d 220 (1981); *Manees* v. *State,* 274 Ark. 69, 622 S.W.2d 166 (1981); *Marion* v. *State,* 267 Ark. 345, 590 S.W.2d 288 (1979); *Houston* v. *State,* 266 Ark. 257, 582 S.W.2d 958 (1979). Here, consent is not at issue and the prior sexual conduct of the prosecutrix is not relevant to the principal issue. To permit evidence of inconsistent statements about prior sexual conduct, a collateral matter, would *rob the statute of its efficacay and thwart the obvious intent* of the General Assembly. Therefore, if the state does not raise the issue on direct examination, evidence of prior inconsistent extrajudicial statements regarding previous acts of consensual intercourse is not admissible and we reverse on that point.

Eddie Lee Small, as cross-appellant, argues that the trial court erred in suppressing evidence that the prosecutrix was a prostitute. The trial court correctly ruled that appellee would, under the rape shield statute, be permitted to develop proof of any bias and motive on the part of the prosecutrix. In conjunction with that holding, the trial court sustained an objection, based on hearsay, to testimony that the prosecutrix was a prostitute. None of the witnesses had firsthand knowledge that the prosecuting witness had been a prostitute within the last four years. A ruling on whether testimony is hearsay is not subject to an interlocutory appeal under the rape shield statute and accordingly, we do not consider the matter.

Reversed on direct appeal and the cross-appeal is dismissed.