Alvin LOVELACE *v.* STATE of Arkansas

CR 82-30                                    637 S.W.2d 548

Supreme Court of Arkansas
Opinion delivered July 6, 1982

*William R. Simpson, Jr.*, Public Defender, and *Jeff Rosenzweig*, Deputy Public Defender, by: *Richard E. Holiman*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Theodore Holder*, Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant Alvin Lovelace was charged with the June 25, 1981 aggravated robbery of the 7-11 convenience store at 1803 Broadway in Little Rock. A jury convicted appellant of aggravated robbery in violation of Ark. Stat. Ann. § 41-2102 (Supp. 1981) and he was sentenced to life imprisonment under the habitual criminal statute, Ark. Stat. Ann. § 41-1001 (Supp. 1981). Jurisdiction is in this Court pursuant to Rule 29 (1) (b). Appellant contends that the trial court erred in refusing to instruct the jury as to the lesser included offense of robbery. We affirm the trial court.

The evidence establishes that Lewis Parker was working the night shift at the 7-11 store when the robbery occurred. A man, later identified as appellant, came into the store shortly after 2:00 a.m. and asked to buy a pack of cigarettes. Parker bent down and reached under the counter to get the cigarettes. When he straightened up the man pulled a gun and said he wanted the money. Parker opened the cash register and then gave appellant the drawer containing the money. In the drawer there was a cluster of bills attached to a transmitting device. When the cluster of bills was removed the transmitting device activated a hidden camera. After appellant collected the money he told Parker not to make a move or he would kill him. Appellant repeated the threat as he left. Photographs taken by the hidden

camera reproduce part of the scene during the aggravated robbery. One of the photographs is of the robber holding a small revolver. The trial court gave an instruction on aggravated robbery but refused to instruct on the lesser included offense of robbery. Appellant appeals from that ruling.

Aggravated robbery is set out in § 41-2102 as follows:

> Aggravated robbery. — (1) A person commits aggravated robbery if he commits robbery as defined in Section 2103 of Act 280 of 1975 (Ark. Stat. Ann. § 41-2103) and he: (a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; or

* * *

And robbery is set out in § 41-2103 (Repl. 1977) as follows:

> Robbery: — (1) A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.

* * *

Robbery is a lesser included offense of aggravated robbery. *Hill, et al* v. *State,* 276 Ark. 300, 634 S.W.2d 120 (1982); *Hamilton* v. *State,* 262 Ark. 366, 556 S.W.2d 884 (1977). In *Hill,* we noted:

> If there is any evidence to support the giving of the instruction on the lesser included offense, it must be given. *Sargent* v. *State,* 272 Ark. 336, 614 S.W.2d 503 (1981). But, if there is no rational basis for acquitting appellants of aggravated robbery and convicting them of the lesser offense of robbery, the lesser instruction need not be given. Ark. Stat. Ann. § 41-105 (3) (Repl. 1977); *Hamilton* v. *State,* supra.

The trial judge stated in *Hill* that he gave only the aggravated robbery instruction because there was no question that a deadly weapon was used. A similar situation exists here because all the testimony was that a gun was used and, uncontrovertibly there was no testimony indicating that a gun was not used. A photograph clearly reflects the use of a small pistol by the robber. Thus, there was no rational basis for acquitting appellant of aggravated robbery and convicting him of robbery. The appellant was guilty of aggravated robbery or nothing at all. Therefore, it was not error to refuse to instruct on the lesser included offense.

Affirmed.