Harold Gene ROBERTS *v.* STATE of Arkansas

CR 83-150                                    663 S.W.2d 178

Supreme Court of Arkansas
Opinion delivered January 23, 1984

*David Rees,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. A Craighead County jury found appellant, Harold Gene Roberts, guilty of burglary and theft of property and fixed his punishment at the maximum term of twenty years for each offense. The trial court ordered the sentences to run consecutively. On appeal appellant contends the trial court erred in refusing to instruct the jury on the offense of theft by receiving, arguing that theft by receiving is a lesser included offense of theft of property. Appellant also contends the sentence was excessive.

Ark. Stat. Ann. § 41-2202 (Repl. 1977) consolidates the theft offenses, providing: "Conduct denominated theft in this Chapter [§§ 41-2201—41-2208] constitutes a single offense embracing the separate offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and other similar offenses."

Even so, we agree with the trial court's rationale that, under the facts of this case, the instruction of theft by receiving was not justified. Ark. Stat. Ann. § 41-105(3) (Repl. 1977) provides: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." See also *Lovelace* v. *State*, 276 Ark. 463, 637 S.W.2d 548 (1982); *Lewis* v. *State*, 267 Ark. 933, 591 S.W.2d 687 (Ark. Ct. App. 1980).

The evidence established that scrapes and pry marks appeared on only one storm window, apparently the point of entry of the home. Appellant's fingerprints appeared on the same storm window. Further testimony established that an earring worn in appellant's ear was identical to one of a distinctive matched pair kept with the other stolen jewelry. The mate was not stolen. Appellant's request for an instruction on the offense of theft by receiving was inconsistent with appellant's own proof. The record reflects that appellant called three alibi witnesses to establish he had committed no theft and that he had been in possession of the matching earring for several years. Since appellant's position was that he was innocent of any theft, his request for the lesser-included offense of theft by receiving was not rational. Under the facts of this case, we conclude the trial court was not obligated to charge the jury with respect to the lesser offense.

As to appellant's contention that the sentence was excessive, this court has previously held that we will not reduce or compare sentences which are imposed within statutory limits. *Kaestel* v. *State*, 274 Ark. 550, 554-55, 626 S.W.2d 940, 943 (1982). It was within the trial court's discretion to impose the sentences consecutively. *Swaite* v. *State*, 272 Ark. 128, 136-37, 612 S.W.2d 307, 311 (1981). The cumulative effect of consecutive sentences does not make punishment cruel and unusual. *Thompson* v. *State*, 280 Ark. 265, 270, 658 S.W.2d 350 (1983). Accordingly, we conclude this is without merit.

Affirmed.

PURTLE and HOLLINGSWORTH, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. The jury should have been instructed that it could find the appellant guilty of theft by receiving. He sat before them wearing the purportedly stolen earring. It makes no difference which side offers evidence; the jury should consider it all. Theft by receiving was no more inconsistent with appellant's proof than was burglary. He contended he was guilty of neither. How can he be less "not guilty" of receiving than of burglary? Why then should an instruction on burglary have been given? It was just as inconsistent with appellant's own proof as an instruction on theft by receiving.

Have we abandoned the age old rule of law which upholds no right to be more seriously protected by this court than the right of an accused to have the jury instructed on lesser offenses included in the more serious offense charged? *Brewer* v. *State*, 271 Ark. 254, 608 S.W.2d 363 (1980). *Caton & Headley* v.*State*, 252 Ark. 420, 479 S.W.2d 537 (1972); *Walker* v. *State*, 239 Ark. 172, 388 S.W.2d 13 (1965); *Bailey* v. *State*, 206 Ark. 121, 173 S.W.2d 1010 (1943); *Smith* v. *State*, 150 Ark. 193, 233 S.W. 1081 (1921); *Allison* v. *State*, 74 Ark. 444, 86 S.W. 409 (1905); and *Davis* v. *State*, 72 Ark. 569, 82 S.W. 167 (1904). When there is the slightest evidence to warrant it, a lesser included offense instruction should be given. *Brewer* v. *State, supra; Westbrook* v. *State*, 265 Ark. 736, 580 S.W. 2d 702 (1979); *Walker* v. *State, supra;* and *King* v. *State*, 117 Ark. 82, 173 S.W. 852 (1915).

If there is a rational basis for the lesser included instruction, it should be given. *Moore & Jones* v. *State*, 280 Ark. 222, 656 S.W.2d 698 (1983); *Brewer* v. *State, supra; Couch* v. *State*, 274 Ark. 29, 621 S.W.2d 694 (1981); *Glover* v. *State*, 273 Ark. 376, 619 S.W.2d 629 (1981); and Ark. Stat. Ann. § 41-105(3) (Repl. 1977).

There is no need for me to cite additional cases for the proposition that this instruction should have been given. If a stolen earring in the undisputed possession of an accused is not evidence of theft by receiving, it is only because the accused admits the theft. If he admitted the theft, no jury

would be trying to determine his guilt or innocence. If it is admitted that appellant did not have possession of the stolen earring or that it was not stolen, then it was proper to refuse the instruction. Otherwise it should have been given.

HOLLINGSWORTH, J., joins in this dissent.