Lonnie FLURRY *v.* STATE of ARKANSAS

CA CR 85-196                                711 S.W.2d 163

Court of Appeals of Arkansas
En Banc
Opinion delivered June 4, 1986
[Rehearing denied July 2, 1986.]

*Person & VanWinkle*, by: *J. Randolph Shock*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

ERNIE E. WRIGHT, Special Judge. The appellant, Lonnie Flurry, was convicted by a jury on the charge of rape and a sentence of twenty years imprisonment was imposed. Five points for reversal are raised in this appeal.

■ First, it is argued there was no substantial evidence of forcible compulsion to sustain the conviction. While we reverse on another point, we first review appellant's charge as to the sufficiency of the evidence. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984).

Ark. Stat. Ann. § 41-1803 (Repl. 1977) provides in part:

> (1) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:

> (a) by forcible compulsion; or . . . .

■ Forcible compulsion is defined in Ark. Stat. Ann. § 41-1801 (Repl. 1977) as follows: " 'Forcible compulsion' means physical force, or a threat, express or implied, of death or physical injury to or kidnapping of any person." The prosecuting witness was the daughter of appellant. The rape charge alleged the offense occurred on March 10, 1984. At the time the prosecuting witness was approximately fourteen years and eight months of age and in the tenth grade. She resided in the home of her father, the appellant, and her stepmother. Her younger brother, a stepsister and her stepmother's mother, whom the prosecuting witness referred to as Grandma, also resided in the home. The prosecuting witness testified that on the evening of Saturday, March 10, 1984, her stepmother, stepsister and grandmother went to play bingo. She and her father, whom she referred to as Lonnie, and her younger brother were left at home. Her father told her brother to go to the Sonic and get some malts. She testified that she was already in bed and that when her brother left, her dad came in and started "handling on me and fondling and everything." She stated,

He started rubbing my back and I was trying to act like I was asleep, because I was scared. And—er—and then he turned me over and started taking off my pants and stuff and I said no, and he, goes—er—yeah, he goes to take them off, and, so, he—er—er—he took off my pants and started—er—he started just rubbing all over me and everything, and then he started having intercourse with me.

She testified she did not kick or scream, that she was upset, crying, and told him no.

In *Canard v. State*, 278 Ark. 372, 646 S.W.2d 3 (1983) the rape victim was the eleven-year-old daughter of the appellant. The witness testified that her father stopped the car on a gravel road and unzipped her pants, took her leg out, unzipped his pants, took his penis out and started raping her. She testified she didn't want to, that she was very much afraid of her father, but he did anyway. She referred to the occurrence as rape, further indicating the occurrence was intercourse against her will. This evidence, coupled with the age of the victim, was held to be sufficient for the jury to conclude that forcible compulsion was present. In that case no issue was raised for failure to instruct on a lesser included offense, an issue discussed below in the present case.

In determining the issue of sufficiency of the evidence, we consider the evidence in the light most favorable to the appellee. *Maples v. State*, 16 Ark. App. 175, 698 S.W.2d 807 (1985).

The established rule is that corroboration is not required in a rape case. *Spencer v. State*, 255 Ark. 258, 499 S.W.2d 856 (1973). We hold that the testimony of the prosecuting witness most favorable to the state, if believed by the jury, was sufficient for conviction.

For his second point, appellant argues the court erred in refusing to grant jury instructions on the lesser included offenses of carnal abuse in the third degree and sexual misconduct. Ark. Stat. Ann. § 41-1806 (Repl. 1977) provides:

(1) A person commits carnal abuse in the third degree if being twenty (20) years old or older, he engages in sexual intercourse or deviate sexual activity with another person

not his spouse who is less than sixteen (16) years old.

(2) Carnal abuse in the third degree is a class A misdemeanor.

Ark. Stat. Ann. § 41-1807(1) (Repl. 1977) provides:

A person commits sexual misconduct if he engages in sexual intercourse or deviate sexual activity with another person not his spouse who is less than sixteen (16) years old.

The distinction between sexual misconduct and carnal abuse in the third degree is that the defendant can be convicted of the latter only if he is twenty years old or older, and this age requirement is not an element in the offense of sexual misconduct. It is clear from the record that appellant was more than twenty years old at the time of the alleged offense and that there would be no rational basis for acquitting him of sexual abuse in the third degree and convicting him of the lesser included offense of sexual misconduct.

However, in the case before us the actions and testimony of the prosecuting witness supplied a rational basis upon which the jury might have acquitted appellant of the offense of rape, which requires proof of forcible compulsion, and convicted him of carnal abuse in the third degree. The testimony of the prosecuting witness included in substance the following: that appellant started having intercourse with her when she was in the eighth grade and that this occurred about twice a week, except when she was having her period; that he treated her like someone special; that on one occasion when her grandmother was not at the house he approached her and she stated, "I said no, and he goes why?, and I said because, I said she's going to be back, and I don't want to." She testified that when she responded to sex with him he was more in favor of letting her have things and have her way; that she told Mr. Self when she was reporting the alleged rape that her daddy did it whether she wanted to or not; that her method of resisting was "I just told him no, that I didn't want to." The evidence shows the alleged rape occurred on a Saturday night and the prosecuting witness did not report it until she went to school on the following Monday. The record further shows she did not tell her grandmother, with whom she shared her bedroom and

with whom she stated she had a close relationship. There was also evidence that on Sunday following the alleged rape the prosecuting witness was angered because her stepmother and her father refused her permission to attend a baby shower for an unwed fourteen-year-old girl.

The state called a younger brother of the prosecuting witness and he testified his sister told him one time that her dad was messing around with her while the witness was sleeping, and that when he banged his head against the wall, as he often did when sleeping, his dad told her they had better get away from each other because her brother was about to wake up.

Laura Richmond, a cousin and lifelong friend of the victim, was called as a witness by appellant. She testified that in a conversation with the victim she asked her if she had ever thought about changing her story about the case, and she said, "Yes, I've thought about it a lot, and, but they told me if I did that I would either have to go back into a foster home, into a foster school for girls or I'd have to go live with my dad." From the record it is clear that there was more than the "slightest evidence" warranting an instruction on the lesser included charge of carnal abuse in the third degree.

In *Clark* v. *State*, 244 Ark. 772, 427 S.W.2d 172 (1968), the appellant was charged and convicted for the rape of his nine-year-old stepdaughter. There was evidence the appellant choked and raped the child. She testified she tried to push him off, and tried to get away, and that he hurt her. She further testified she did not tell anybody because she was afraid he would kill her. Upon examination, the doctor found that her hymen had been ruptured and torn and he testified in his opinion the condition was caused by a forcible penetration. The trial court refused to instruct on the lesser included offense of carnal abuse. In a unanimous opinion the Supreme Court reversed, stating, "While the little girl testified to acts constituting rape, the jury could possibly have found, since she did not report it, that she consented."

The mere fact that a defendant testifies and denies committing the alleged criminal act does not justify refusing to instruct on a lesser included offense when there is evidence providing a rational basis for acquitting the defendant on the offense charged and convicting him of a lesser included offense.

*Clark* v. *State, supra*; *Bongfeldt* v. *State*, 6 Ark. App. 102, 639 S.W.2d 70 (1982).

It is the prerogative of the jury to accept all or any part of the testimony of a witness. In *Fike* v. *State*, 255 Ark. 956, 504 S.W.2d 363 (1974), the appellant was convicted of rape. The court held it was error to refuse a requested instruction on the lesser included offense of assault, and pointed out:

> [T]he jury has the sole prerogative to accept all or any part of a witness' testimony whether controverted or not. Therefore, the jury had the absolute right, as the trier of the facts, to evaluate the evidence and consider only whether an unlawful assault was committed . . . .

In *Robinson* v. *State*, 269 Ark. 90, 598 S.W.2d 421 (1980), the appellant was found guilty of capital murder. The trial court had refused appellant's request for an instruction on second degree murder. In reversing, the court said:

> No right has been more zealously protected by this court than the right of an accused to have the jury instructed on lesser offenses included in the more serious offense charged. *Caton & Headley* v. *State*, 252 Ark. 420, 479 S.W.2d 537 (1972). Where there is the slightest evidence to warrant such an instruction, we have consistently held that it is error to refuse to give it. *King* v. *State*, 117 Ark. 82, 173 S.W. 852 (1915); *Walker* v. *State*, 239 Ark. 172, 388 S.W.2d 13 (1965); *Westbrook* v. *State*, 265 Ark. 736, 580 S.W.2d 702 (1979). This is so, no matter how strongly the trial judge feels that the evidence weighs in favor of a finding of guilty on the most serious charge. Our strong preference for such an instruction has even induced us to approve giving it over the defendant's objections. *Kurck* v. *State*, 235 Ark. 688, 362 S.W.2d 713 (1962), cert. denied 373 U.S. 910 (1963). Irrespective of a request, however, the court may refuse to give such an instruction when there is absolutely no evidence to support it. *Frederick* v. *State*, 258 Ark. 553, 528 S.W.2d 362 (1975).

Appellee argues appellant's request for an instruction on the lesser included offenses was inconsistent with his own testimony

in which he denied any sexual activity with the prosecuting witness occurring, and cites *Roberts* v. *State*, 281 Ark. 218, 663 S.W.2d 178 (1984). In that case the appellant was charged and convicted of burglary and theft of property. On appeal he contended the court erred in refusing to instruct the jury on the offense of theft of property by receiving. The evidence established scrapes and pry marks appeared on a window of the home that was burglarized. Appellant's fingerprints appeared on that window. There was other testimony that an earring worn in appellant's ear was identical to a distinctive matching earring that was not stolen. The appellant called three alibi witnesses to establish that he had committed no theft and that he had been in possession of the matching earring for several years. Under this evidence the court concluded there was no rational basis for acquitting the appellant of the offense charged and convicting him of the lesser included offense of theft by receiving. The court said, "We agree with the trial court's rationale that, under the facts of this case, the instruction of theft by receiving was not justified." The evidence in *Roberts* is not analogous to the evidence in the case before us.

We hold that the evidence clearly required the giving of an instruction on the lesser included offense of carnal abuse in the third degree. The evidence presents a rational basis upon which the jury might have found appellant not guilty of the offense charged, but guilty of carnal abuse in the third degree.

For his third point appellant argues the court erred in refusing to allow appellant to introduce or cross examine on the basis of a taped telephone conversation between the victim and her stepmother that occurred several months after the alleged rape.

The prosecutor made a motion *in limine* based on the Rape Shield Statute, Ark. Stat. Ann. § 41-1810.1 (Repl. 1977), to preclude appellant from offering or cross examining on the basis of the taped telephone conversation, which included some references to sexual conduct of the victim some time after the alleged rape. The court granted the motion on the basis of the Rape Shield Statute. The Rape Shield Statute explicitly prohibits the admission of evidence of a rape victim's "prior sexual conduct" by direct examination or through cross examination of

the victim or other witnesses to attack the credibility of the victim or to prove consent or any other defense. Ark. Stat. Ann. § 41-1810.2 (Repl. 1977) provides that upon written motion filed by the defendant, the court, after an in camera hearing, may admit such evidence if the relevancy of the evidence is first determined, and if it is determined that the probative value of the evidence outweighs its inflammatory or prejudicial nature. Upon such a determination the statute requires the court to make a written order stating what evidence, if any, may be introduced by the defendant and the nature of the questions that may be permitted in accordance with the applicable rules of evidence.

The statute on its face does not deal with matters that may have occurred subsequent to the alleged offense and we hold that it was error to grant the state's motion *in limine. Camp* v. *State*, 270 Ark. 835, 606 S.W.2d 573 (1980). There may well have been other valid grounds for excluding evidence of the taped telephone conversation, but other grounds are not argued before us, and we do not address them.

For his fourth point appellant argues the court erred in refusing to review in camera the appellant's proffered evidence of the taped conversation between the victim and her stepmother. As we hold the Rape Shield Statute is not applicable and reverse and remand on other grounds, it follows that appellant has not been prejudiced for any failure of the court to review the proffered evidence in camera.

In appellant's final point he argues that since the rule excluding witnesses had been invoked the court erred in allowing the state to use a rebuttal witness who had sat in the courtroom during the trial. The prosecutor advised the court that he did not know earlier that the witness would be called. As we are reversing and remanding and this issue will not likely arise upon retrial, we do not address the point. *Hill* v. *State*, 253 Ark. 512, 487 S.W.2d 624 (1972); *Norris* v. *State*, 259 Ark. 755, 536 S.W.2d 298 (1976).

Reversed and remanded.

COOPER and CORBIN, JJ., dissent.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. As the majority opinion points out, in order for appellant to be guilty of rape in this case, the jury had to find that he engaged in sexual intercourse with his 14-year-old daughter by "physical force, or a threat, express or implied, of death or physical injury." The only evidence from which such force or threat could be found is the daughter's testimony that she "resisted," "cried and told him no," and "did not consent to the rape." Although I agree that the jury *could* infer some threat of physical injury from this testimony, it obviously is not strong evidence of such a threat and surely is only sufficient to make an issue of fact.

The minority of the court seem troubled by the fact that the appellant did not testify that his daughter consented to his advances and suggest that *Roberts* v. *State*, 281 Ark. 218, 663 S.W.2d 178 (1984), is somehow analogous to this case. *Roberts*, in my view, simply holds that under the evidence in that case the only rational conclusion the jury could reach was that the defendant broke into the house where he left his fingerprints and stole an earring which matched the one left in the house or that he did neither. In the present case, however, the daughter's own testimony can reasonably be construed as giving consent without any implied threat of *physical injury*.

Although cases from other jurisdictions are sometimes helpful, a dissenting opinion in this case clearly indicates that other jurisdictions are divided on whether a lesser included instruction should be given when the defense is complete innocence or an alibi. I have not analyzed all the cases cited by the dissent, but it is interesting to note the two from Tennessee. In *Judge* v. *State*, 539 S.W.2d 340 (Tenn. Crim. App. 1976), the defendant was charged with burglary and wanted an instruction on a lesser included offense of attempt to commit a felony. His defense was an alibi and the court said the only evidence introduced showed the offense was "fully completed" and, therefore, it was unnecessary to instruct on the lesser included offense. The other Tennessee case, *State* v. *Barker*, 642 S.W.2d 735 (Tenn. Crim. App. 1982), presented a similar situation and the court said where the State's evidence as to the degree of the offense is "uncontradicted" no instructions on lesser included offenses are required.

74

My very limited research also turned up two interesting cases from other jurisdictions. In *State* v. *Carter*, 232 Kan. 124, 652 P.2d 694 (1982), the court said:

> Defendant did not testify at trial. The victim's own testimony, however, raises a legitimate factual issue as to whether defendant had the capacity to form the specific intent requisite for kidnapping. Accordingly, we conclude the trial court erred in failing to instruct on the lesser included offense of unlawful restraint. The kidnapping conviction therefore must be reversed and remanded for new trial.

And in the case of *United States* v. *Huff*, 442 F.2d 885 (D.C. Cir. 1971), the trial court gave a lesser included offense instruction over the *defendant's* objection. In affirming the trial court, the appellate court said:

> The jury is not confined in its findings to matters that are directly set forth in testimony but may base an inference of lesser offense on a "reconstruction that is fairly inferable" from the evidence, gleaned perhaps by putting together some items from one witness, some from another, and some from the jury's own experience and sense of probabilities.

I concur in the majority opinion.

JAMES R. COOPER, Judge, dissenting. Although I agree with Judge Corbin's dissenting opinion, I feel constrained to express my views separately.

I respectfully dissent from the majority opinion because I disagree that there was a rational basis on which the jury could have found the appellant guilty of the lesser included offense of carnal abuse in the third degree. I agree with the majority's statement of the law, that is, it is error to refuse to give a correct instruction on a lesser included offense when there is testimony furnishing a reasonable basis on which the defendant may be found guilty of the lesser included offense. *LeFlore* v. *State*, 17 Ark. App. 117, 704 S.W.2d 641 (1986); *Williams* v. *State*, 17 Ark. App. 53, 702 S.W.2d 825 (1986); *Mallett* v. *State*, 17 Ark. App. 29, 702 S.W.2d 814 (1986). I simply cannot find any

*testimony* or *evidence* supporting the majority's result.

The only basis the majority cites for its conclusion is that the jury possibly could have concluded that, because the victim did not report the rapes for some time, she could have consented. The issue of consent was never raised by the appellant, his defense being a total denial of any kind of sexual activity with the victim. I am totally unwilling to agree that an instruction on the lesser included offense of carnal abuse in the third degree is required in every rape case where the victim, for whatever reason, does not immediately report the sexual assault. That is the practical result of today's opinion.

The majority cites *Clark* v. *State*, 244 Ark. 772, 427 S.W.2d 172 (1968) for the proposition that it is error for a trial court to refuse to instruct on carnal abuse where the jury could find consent by virtue of the victim's failure to report the crime. In *Clark*, the victim testified that she did not report the assault because the appellant threatened to kill her. Even though *Clark* says what the majority opinion states, each rape case must stand on its own, and I do not agree that the Supreme Court's holding in *Clark* mandates the giving of the third degree carnal abuse instruction in the case at bar.

I dissent.

DONALD L. CORBIN, Judge, dissenting. I respectfully dissent from the majority's reversal of appellant's conviction for rape on the basis that the trial court committed reversible error by refusing to instruct the jury on the lesser included offense of carnal abuse in the third degree, a class A misdemeanor. The record reflects that the trial court stated the following as its rationale for denying appellant's request:

> The court feels that her testimony if believed by the jury would be the offense of rape, and that the defendant and his witnesses have flatly denied that any contact, at all, occurred. And, therefore, I don't feel that this is a proper instruction . . . This is because the evidence does not support it.

I believe the above rationale is correct, especially in view of the evidence adduced at trial.

Appellant called several witnesses to establish that no sexual activity ever occurred in the home between appellant and his daughter and to also discredit the victim's testimony in this regard. Appellant elected to testify at trial, and he stated he had never made sexual advances of any sort toward his daughter. Since appellant's position was that he was innocent of rape or any sexual activity, his request for the lesser included offense instruction on third degree carnal abuse was not rational. As noted in the majority's opinion, the type of sexual activity required for third degree carnal abuse is sexual intercourse or deviate sexual activity. Accordingly, appellant's request for an instruction on third degree carnal abuse was inconsistent with appellant's own proof. Before discussing my reasons for this conclusion, I feel that it is necessary to state that the position I take is limited to the facts and circumstances of this particular case.

The majority states that the mere fact a defendant testifies and denies committing the alleged criminal act does not justify refusing to instruct on a lesser included offense when there is evidence providing a rational basis for acquittal on the offense charged and a conviction on a lesser included offense and cites *Clark* v. *State*, 244 Ark. 772, 427 S.W.2d 172 (1968) and *Bongfeldt* v. *State*, 6 Ark. App. 102, 639 S.W.2d 70 (1982) as authority. This question, contrary to what is stated in the majority's opinion, has not been decided in the above quoted cases. While it is true that the appellant in *Clark* denied that he had ever bothered his stepdaughter in any way, that particular fact was not the basis for the supreme court's reversal on the failure to instruct on carnal abuse. Its reversal was grounded on the fact the victim did not report the crime and the jury could possibly have found that she had consented.

In *Bongfeldt* v. *State, supra*, the appellant was charged with burglary and convicted of breaking and entering. We found merit to appellant's assertion on appeal that the trial court committed prejudicial error in failing to instruct the jury on the lesser included offense of criminal trespass. We determined that there was evidence presented by the appellant upon which the jury might have found his entry into the building was without the criminal intent required for conviction of the larger offense. The appellant had testified at trial that he entered the building with the intent to borrow the gasoline and pay the owner for it the next

morning. We noted that although it was unlikely, the jury could have believed that testimony and found that the criminal intent required for conviction of the larger offense was lacking. There is no doubt but that *Bongfeldt* was properly decided by this court under the law. However, the situation presented in *Bongfeldt* and that in the case at bar are totally different. Here, appellant testified that he was innocent of any wrongdoing. In *Bongfeldt*, the appellant essentially testified that he engaged in acts which constituted the lesser offense of criminal trespass. When a defendant, as here, adduces evidence that he is innocent of any offense, he is not entitled to an instruction on a lesser included offense merely because the jury *might* not believe the testimony of the prosecuting witness. There is simply no rational basis under these circumstances for finding him guilty of the lesser offense.

The majority has noted appellee's reliance upon the holding in *Roberts* v. *State*, 281 Ark. 218, 663 S.W.2d 178 (1984), and asserts that "The evidence in *Roberts* is not analogous to the evidence in the case before us." I strongly disagree with this assertion. In its discussion of this decision, the majority de-emphasized the reasoning behind the *Roberts* holding. The supreme court there made the following statement following its conclusion the appellant's request for an instruction on a lesser included offense was inconsistent with appellant's own proof. It stated that "Since appellant's position was that he was innocent of any theft, his request for the lesser-included offense of theft by receiving was not rational. Under the facts of this case, we conclude the trial court was not obligated to charge the jury with respect to the lesser offense." *Id.* at 220. The holding in *Roberts*, in my opinion, is decisive to the issue raised by the parties in the case at bar.

In *Blair* v. *State*, 284 Ark. 330, 681 S.W.2d 374 (1984), the appellant was convicted of burglary, theft and two counts of theft by receiving. The appellant argued unsuccessfully on appeal that the trial court erred in refusing to give his requested instruction on criminal trespass. In dismissing this contention, the court noted that the state's witnesses testified the appellant was guilty of burglary and that the appellant had testified he did not enter the structure. The court concluded that: "There is no evidence of a violation of the criminal trespass statute. A trial judge does not have to give an instruction where there is no evidence to support

the giving of that instruction. *Blaney* v. *State*, 280 Ark. 253, 657 S.W.2d 531 (1983)."

In *Smith* v. *State*, 277 Ark. 403, 642 S.W.2d 299 (1982), the supreme court found no merit to the appellant's contention that the trial court erred in failing to instruct on robbery, a lesser included offense of aggravated robbery. In so holding, the court stated that the thrust of the appellant's argument was that the evidence was deficient or in conflict as to the appellant's being armed. Both the victim and officer testified that the appellant was armed and the appellant had denied any involvement in or knowledge of the robbery. The court concluded there was no rational basis for the jury to find the appellant guilty of the lesser offense inasmuch as "The evidence clearly shows the only fact issue for the jury to resolve was whether the defendant was guilty of aggravated robbery as charged or was innocent." *Id.* at 405.

The issue of whether a defendant is entitled to a lesser included instruction when his or her defense at trial is complete innocence or alibi seems to be one of first impression in our state if one ignores the Arkansas Supreme Court's holdings in *Roberts*, *Blair* and *Smith, supra*. However, it appears that in a majority of jurisdictions which have had occasion to address this question, the reviewing courts hold that the trial court has no obligation to charge on a lesser offense. See, *Kirksey* v. *State*, 475 So.2d 646 (Ala. Crim. App. 1985) (No error where defendant denied any act between the parties had occurred); *Stork* v. *State*, 475 So.2d 622 (Ala. Crim. App. 1984) (No error where defendant denied committing the crime); *State* v. *McNair*, 141 Ariz. 475, 687 P.2d 1230 (1984) (No error where defense testimony would prove complete innocence of the lesser offense); *State* v. *Jerousek*, 121 Ariz. 420, 590 P.2d 1366 (1979) (No error where defendant's evidence presented a guilty or innocent situation); *People* v. *Reeves*, 105 Cal. App.3d 444, 164 Cal. Rptr. 426 (1980) (No error where defendant's defense was a flat denial and his presentation of character evidence was to the same effect); *Jefferson* v. *U.S.*, 474 A.2d 147 (D.C. 1984) (No error in light of defendant's completely exculpatory testimony); *Jones* v. *U.S.*, 374 A.2d 854 (D.C. 1977) (No error where defendant's own testimony negated essential elements of the lesser included offense and such testimony was completely exculpatory; *Cohran* v. *State*, 157 Ga. App. 551, 278 S.E.2d 133 (1981) (No error

where defendant's defense was that he never entered the burglarized premises); *Scrivener v.State*, 441 N.E.2d 954 (Ind. 1982) (No error where defendant asserted an alibi defense); *Brown* v. *State*, 275 Ind. 227, 416 N.E.2d 828 (1981) (No error where defendant steadfastly maintained he was in no way involved in the attack); *State* v. *Alston*, 293 N.C. 553, 238 S.E.2d 505 (1977) (No error where evidence of defendant tended to establish alibi); *Hankins* v. *State*, 602 P.2d 1052 (Okla. Crim. App. 1979) (No error where only basis for instruction on lesser offense was defendant's own explanation which lacked credibility); *State* v. *Barker*, 642 S.W.2d 735 (Tenn. Crim. App. 1982) (No error where only evidence of a lesser included offense was created by defendant's alibi evidence); *Judge* v. *State*, 539 S.W.2d 340 (Tenn. Crim. App. 1976) (No error where defendant testified to alibi and his defense was that he was wholly innocent); *State* v. *Hendricks*, 596 P.2d 633 (Utah 1979) (No error where defendant's defense was totally inconsistent with his request for instruction on lesser included offense); *State* v. *Cozza*, 19 Wash. App. 623, 576 P.2d 1336 (1978) (No error where defense theory was non-participation).

On the other hand, my independent research establishes that the states of Illinois, Kansas, Michigan, Ohio and Oregon have treated this question differently and in some cases, inconsistently. In Illinois, see *People* v. *Purrazzo*, 95 Ill. App.3d 886, 420 N.E.2d 461 (1981), *cert. denied*, 455 U.S. 948 (1982) and *People* v. *Simpson*, 57 Ill. App.3d 442, 373 N.E.2d 809 (1978); in Kansas, see *State* v. *Werkowski*, 220 Kan. 648, 556 P.2d 420 (1976); in Michigan, see *People* v. *Bryant*, 80 Mich. App. 428, 264 N.W.2d 13 (1978) and *People* v. *Clemons*, 74 Mich. App. 448, 253 N.W.2d 795 (1977); in Ohio, see *State* v. *Solomon*, 66 Ohio St.2d 214, 421 N.E.2d 139 (1981), *State* v. *Wilkins*, 64 Ohio St.2d 382, 415 N.E.2d 303 (1980), *State* v. *Gall*, 65 Ohio App.2d 57, 415 N.E.2d 1008 (1980), *State* v. *Strodes*, 48 Ohio St.2d 113, 357 N.E.2d 375 (1976) and *State* v. *Jones*, 47 Ohio App.2d 8, 351 N.E.2d 798 (1975); and in Oregon, see *State* v. *Watkins*, 47 Or. App. 777, 615 P.2d 394 (1980) and *State* v. *Thayer*, 32 Or. App. 193, 573 P.2d 758 (1978). The conclusion drawn from a careful reading of the above decisions is that those jurisdictions have determined the refusal to instruct on lesser offenses under the same circumstances at issue here is not always prejudicial error

and that these courts have not established a hard-and-fast rule which would require the trial court to instruct on lesser offenses when a defendant's defense is complete innocence or alibi.

It is my firm belief that the rationale advanced by the jurisdictions of Alabama, Arizona, California, District of Columbia, Georgia, Indiana, North Carolina, Oklahoma, Tennessee, Utah and Washington is more persuasive and well-reasoned. In the case at bar the trial court was correct in not permitting the jury to consider the lesser included offense of third degree carnal abuse since appellant presented a complete defense to all substantive elements of the crime of rape and his testimony negated the essential elements of the lesser offense of third degree carnal abuse.

I also disagree with the majority's reliance upon the "actions and testimony" of the prosecuting witness as supplying a rational basis upon which the jury might have acquitted appellant of rape and convicted him of carnal abuse in the third degree.

The record reflects the victim's father began fondling her when she was in the sixth grade. She stated that she first had intercourse with her father while a student in the eighth grade and this activity continued to occur about twice a week until she reported it to the authorities. When she was a student in the seventh grade, her father told her to keep his sexual advances a secret. The victim testified that on March 10, 1984, her stepmother and grandmother went to play bingo. Appellant told his son to go to a drive-in restaurant to buy dinner for everyone. Only appellant and his daughter remained in the house. After the victim's brother left, appellant came into his daughter's bedroom and began to fondle her. She stated that she pretended to be asleep because she was scared. Appellant continued with his advances and his daughter said, "No." Appellant then ordered her to remove her pants and proceeded to have intercourse with her. She stated at trial that the "rape" took place during the fifteen minute period her brother was gone and that she "resisted." She further testified that she "did not consent to the rape," that she "cried and told him no" and that she had resisted in the past and that it had done no good.

The record further reflects that appellant was charged with committing rape by sexual intercourse with his daughter on

March 10, 1984. The information further alleged that this offense occurred "on several other occasions." Appellant filed a motion in limine whereby he sought to exclude evidence relating to the "several other occasions" referred to in the information. Appellant argued that he was only prepared to defend based on the charge of March 10, 1984, and that it would be prejudicial to allow testimony relating to other bad acts on his part. The motion was overruled.

Following the presentation of evidence at trial, the jury was instructed as follows:

> The Court has admitted testimony of other offenses similar to the one charged in the Information. You will not be permitted to convict the defendant upon such testimony. Evidence of another similar offense, if you believe another has been proven, is admitted solely for the purpose of showing motive, design and particular criminal intent, habits and practices, guilty knowledge, good or bad faith, and you should consider such evidence for this purpose alone and it shall not be considered in fixing any punishment that might be imposed.

> The defendant is not on trial for any offense except the alleged offense for which he is on trial.

The majority has relied on evidence, upon which the jury received a limiting instruction advising it that it was not evidence of any guilt on appellant's part, in determining what supplied a rational basis upon which the jury might have acquitted appellant of rape and convicted him of carnal abuse in the third degree. For example, the majority refers to "one occasion when her grandmother was not at the house (and) he approached her and she stated, "I said no, and he goes why?, and I said because, I said she's going to be back, and I don't want to." Also, "that he treated her like someone special; that when she responded to sex with him he was more in favor of letting her have things and have her way."

When one views the victim's testimony in regard to only the events of March 10, 1984, it is more than clear that she testified to acts by appellant which would constitute rape by sexual intercourse. The prosecution proved appellant raped his daughter on March 10, 1984, and the evidence clearly shows the only fact

issue for the jury to resolve was whether appellant was guilty of rape as charged or was innocent. The majority has apparently viewed other evidence which had no relation to March 10, 1984, and concluded that the jury could have found consent on the daughter's part. This is clearly wrong.

Reversal of appellant's conviction of rape on the basis the trial court erred by refusing to instruct on the lesser offense of third degree carnal abuse is improper pursuant to existing case law. First, appellant's request for this instruction is not rational and is inconsistent with his own proof. If the trier of fact had been permitted to consider the lesser offense, an unreasonable compromise would have been invited on the state's evidence. Furthermore, there was no evidence of a violation of the third degree carnal abuse statute in view of appellant's testimony as well as that of his witnesses. Appellant presented a complete defense to all of the substantive elements of rape and his testimony also negated the elements of the lesser offense. The trial court, therefore, was not obligated to instruct the jury on third degree carnal abuse. The majority has improperly utilized evidence, which was excluded from the jury's consideration, in determining what provided a rational basis for the jury to acquit appellant of rape and convict him of carnal abuse in the third degree.

I would affirm the conviction.