Lonnie FLURRY *v.* STATE of Arkansas

CR 86-105                                   720 S.W.2d 699

Supreme Court of Arkansas
Opinion delivered December 8, 1986

*Person & VanWinkle,* by: *J. Randolph Shock,* for appellant.

*Steve Clark,* Att'y Gen., by: *Connie Griffin,* Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. We granted review of the court of appeals' decision to reconcile the decisions of our two courts on

the question of giving a lesser included offense instruction when there is no rational basis for it. In this case the court of appeals decided the trial court committed error when it refused to give a lesser included offense instruction. We reverse that decision. *Flurry* v. *State*, 18 Ark. App. 64, 711 S.W.2d 163 (1986). Contemporaneously with our decision, in *Doby* v. *State*, 290 Ark. 408, 720 S.W.2d 694 (1986), we overrule the case of *Holloway* v. *State*, 18 Ark. App. 136, 711 S.W.2d 484 (1986). In *Doby* we set out the cases we have decided on this issue and compare them with the court of appeals' decision in *Holloway* and in this case. Our cases are decidedly contrary to the court of appeals' decisions and, therefore, two court of appeals' decisions must be overruled.

The evidence in this case focused on a rape charge against Lonnie Flurry involving his 14 year old daughter. The facts are set out in full in the court of appeals' decision. She testified that her father began having intercourse with her regularly when she was in the eighth grade. The incident which brought about the rape charge occurred on March 10, 1984. Flurry's defense was one of complete innocence and that nothing improper occurred between him and his daughter. Nevertheless, he requested jury instructions on the lesser included offenses of carnal abuse in the third degree and sexual misconduct. The difference between these offenses and rape, which we are concerned with, is the element of forcible compulsion; that is, Flurry asked for the jury to consider whether he was guilty of having intercourse with his daughter without force. The trial court found there was no rational basis to give the instructions because Flurry was either guilty of rape or innocent of any wrongdoing since Flurry denied any crime occurred.

The court of appeals concluded that the trial court should have instructed the jury that it could consider whether Flurry was guilty of the lesser included offense of carnal abuse in the third degree. Evidently, this would mean that a jury might conclude from the testimony of the daughter that she consented to sexual intercourse on March 10, 1984.

The court of appeals based its decision on language in *Robinson* v. *State*, 269 Ark. 90, 598 S.W.2d 421 (1980), and *Fike* v. *State*, 255 Ark. 956, 504 S.W.2d 363 (1974). The *Fike* decision was made before the statute in question was adopted as part of the

Criminal Code, effective January 1, 1976. For the first time, a court was not obligated to give a lesser offense instruction unless there was a rational basis. In *Robinson*, we found a basis for giving a lesser offense instruction. As we explained in *Doby* v. *State*, where the defendant denies any act occurred, there may be no rational basis for a lesser offense instruction. Ark. Stat. Ann. § 41-105 (3) (Repl. 1977); *Roberts* v. *State*, 281 Ark. 218, 663 S.W.2d 178 (1984). In this case there was none.

We are not dealing with consenting adults in this case; we are dealing with a case of a father accused of raping his young daughter with evidence that it had been going on for some years. It is inconceivable to us, but if the father in this case had defended the charge on the basis of his daughter's consent, he might have an argument. But on the facts we have before us, the trial court correctly refused the requested instruction.

The only other issue we need address is whether the trial court correctly granted the state's motion *in limine*, preventing the defense from bringing to the jury's attention other sexual acts by the victim. The trial court ruled that under the Rape Shield Statute, codified at Ark. Stat. Ann. § 41-1810.1 et seq. (Repl. 1977), the victim's sexual acts with persons other than Flurry would not be considered in Flurry's trial. See *Eskew & Bolton* v. *State*, 273 Ark. 490, 621 S.W.2d 220 (1981). The defense argued, and the court of appeals agrees, that since these alleged acts occurred after March 10, 1984, these acts were not "prior acts" under the statute and therefore could be considered.

The trial court correctly excluded the evidence. The Rape Shield Statute was intended to shield victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the charges, paraded before the jury and the public, when such conduct is irrelevant to the defendant's guilt. The "prior" acts mentioned in the statute do not refer to sexual acts occurring before the incident in question, but merely any sexual conduct by the victim. *Kemp* v. *State*, 270 Ark. 835, 606 S.W.2d 573 (1980), does not hold that the Rape Shield Statute only concerns sexual conduct before the date of the alleged crime.

Flurry also argues that the trial court erred in not listening to the tape recording of a conversation between the victim and her

stepmother before ruling on the state's motion *in limine* as required by Ark. Stat. Ann. § 41-1810.2 (Repl. 1977). After granting the motion, the trial court allowed Flurry to proffer for the record the content of the tape. Flurry had already summarized the content of the tape in response to the state's motion. Flurry stated one purpose for the tape's introduction was to establish a motive for the victim to leave home because her parents were too strict.

█ The trial judge's ruling on the motion did not preclude the defense from bringing up such evidence. The trial judge stated that he would rule on those questions when they arose. During cross-examination, the defense asked the victim about her motive for the charge. No attempt was made by the defense to use the tape to prove her motive. The defense has demonstrated no prejudice by the trial court's ruling. *Berna v. State*, 282 Ark. 563, 670 S.W.2d 434 (1984). Furthermore, the defense did not file a motion before trial as required by Ark. Stat. Ann. § 41-1810.2 to determine the admissibility of this evidence. See *Small v. State*, 276 Ark. 26, 631 S.W.2d 616 (1982). We find no prejudicial error in the trial judge's action.

Because of the two errors stated above, we reverse the judgment of the court of appeals and reinstate the original judgment and conviction entered. We agree with the court of appeals' treatment of the other issues.

PURTLE, DUDLEY, and NEWBERN, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. All of the reasons for my disagreement with the majority are stated in my dissenting opinion in the companion case, *Doby v. State*, 290 Ark. 408, 720 S.W.2d 694, being released today. However, I cannot resist pointing out that, as in *Doby v. State, supra*, the majority opinion plays on the facts with less emphasis given to that which should receive the attention of an appellate court, that is, the law. We must ever bear in mind that our job is to leave factual determinations to trial judges and jurors while we determine how they fit with statutes and precedential decisions.

The majority opinion notes that the appellant was found by the jury to have engaged in sexual intercourse with his fourteen-year-old daughter. The majority opinion, however, then states it

is "inconceivable to us" that the appellant could defend on the basis she could have consented. Whether she consented is a factual determination which, in this case, the jury should have been allowed to make.

The general assembly has established fourteen as the age of consent, Ark. Stat. Ann. § 41-1803(c) (Supp. 1985), and it makes no exception for parent-child intercourse. Whether it is "inconceivable to us" is thus irrelevant unless the facts presented by the state showed forcible compulsion and no rational alternative. If the state had, for example, shown the victim to have been beaten or threatened into submission and that the person who engaged in sexual intercourse with her was the same person who did those things, then I would agree there would have been no rational basis for any instruction on a lesser included offense. That was not the case here.

For the reasons stated in my dissenting opinion in *Doby* v. *State, supra*, I conclude we should not determine the propriety of lesser included offense instructions on the basis of the accused's denial of guilt.

PURTLE and DUDLEY, JJ., join in this dissent.