Hugh Allen SLATER *v.* STATE of Arkansas

CR 92-111                                    832 S.W.2d 846

Supreme Court of Arkansas
Opinion delivered June 29, 1992
[Rehearing denied September 14, 1992.]

*John R. Henry*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Hugh Allen Slater, Jr., appellant, was convicted of two counts of rape and two counts of kidnapping involving two different victims. He argues that the trial court misconstrued the rape shield statute and erroneously refused to allow him to present evidence of both prosecutrixes' sexual consent on other occasions. The trial court correctly applied the statute, and we affirm the judgments of conviction.

At trial appellant asserted a consent defense, and filed a motion pursuant to the rape shield statute, Ark. Code Ann. § 16-42-101 (1987), asking that he be allowed to present evidence of both prosecutrixes' sexual conduct on other occasions. Appellant proffered the testimony of a witness concerning the sexual conduct of one prosecutrix before the rape, and concerning the conduct of both prosecutrixes after both rapes. The trial court excluded the proffered testimony.

■ The statute broadly excludes evidence of specific instances of the victim's prior sexual consent with the accused or any other person, for all purposes. Ark. Code Ann. § 16-42-101(b) (1987). It then provides that the evidence directly pertaining to the act upon which the prosecution is based, or evidence of the victim's prior sexual conduct with the defendant, or any other person, may be admitted if the trial court determines that the evidence is relevant and its probative value outweighs its inflammatory nature. Ark. Code Ann. § 16-42-101(c) (1987).

■ Appellant argues that the trial court's ruling was overly broad since the statute only excludes evidence of "prior" sexual conduct, and not evidence of sexual conduct subsequent to the crime. In making this argument he relies upon a court of appeals case, *Flurry v. State*, 18 Ark. App. 64, 711 S.W.2d 163 (1986), which held that the statute does not prohibit evidence of sexual conduct of the victim after the rape occurred. However, appellant's reliance is misplaced, for we overruled the court of appeals case in *Flurry v. State*, 290 Ark. 417, 720 S.W.2d 699 (1986), and said that "prior" sexual conduct includes all sexual behavior of the victim prior to the date of the trial. *Accord* 1A J.H. Wigmore, *Evidence* § 62.1, at 1331 (P. Tillers ed. 1983). Thus, the trial court did not err in applying the statute to exclude evidence of sexual conduct of the victims that occurred after the rapes.

■ Furthermore, the trial court ruled that sexual conduct after the crimes was not relevant and, in ruling whether evidence sought to be admitted under the statute is relevant, the trial court is vested with broad discretion, and we will not overturn its decision unless it was clearly erroneous. *Manees* v. *State*, 274 Ark. 69, 622 S.W.2d 166 (1981). The decision here was not clearly erroneous.

■ The other evidence of subsequent conduct was the witness' proffered testimony that he had seen both of the prosecutrixes two nights after the rapes and they were "out partying regular" and were "still drinking and flirting around . . . just like they had been before." Again, the trial court did not abuse its discretion in ruling that this evidence was irrelevant. *See Houston* v. *State*, 266 Ark. 257, 582 S.W.2d 958 (1979), in which we upheld the trial court's ruling that testimony that the prosecutrix "hung around clubs and bars" was not relevant.

Moreover, the statute provides for the admission of only certain kinds of evidence, one of which is evidence of the victim's "sexual conduct." The statute defines "sexual conduct" as "deviate sexual activity, sexual contact, or sexual inter-course. . . ." Ark. Code Ann. § 16-42-101(a) (1987). Partying, drinking, and flirting do not constitute sexual conduct under the statute. Therefore, evidence of such conduct is not admissible under it. *See Bobo* v. *State*, 267 Ark. 1, 289 S.W.2d 5 (1979), in which we said that, because the conduct did not come within the statutory definition of sexual conduct, the trial court did not err in excluding evidence of it. Again, the trial court did not abuse its discretion in excluding this part of the proffered evidence.

Afffirmed.