Johnny Charles BROWN *v.* STATE of Arkansas

CR 78-149

Opinion delivered January 29, 1979
(Division I)

*John W. Achor,* Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *Jesse L. Kearney,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Prior to the rape trial of Johnny Charles Brown, the State filed a motion in limine, seeking to prohibit any mention of prior sexual conduct between the prosecuting witness and Brown. From the trial court's interlocutory ruling that the prior sexual contact between appellant and the prosecutrix was not relevant to Brown's defense of consent, Brown brings this appeal pursuant to Ark. Stat. Ann. § 41-1810.2(c) (Repl. 1977).

The record reflects that the prosecutrix had known Brown for 16 years but had not seen him in three years. About one week prior to the alleged rape she had met Brown at the employment office and had asked him to stop by her apartment some time. Brown did just that and found the prosecutrix scantily clad in a nightgown during the middle of the day. It was at this time that the alleged rape occurred. On cross-examination at the pre-trial hearing, the prosecutrix testified:

"Q. How long were you all boyfriend and girlfriend?

A. Boyfriend and girlfriend. We went to bed. We were never — it was never nothing serious.

THE COURT: Talk so I can hear you.

THE WITNESS: We went to bed together maybe three years ago, maybe once or twice. I couldn't tell you how many times. We were never serious about each other."

The Uniform Rules of Evidence, Rule 401 provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The proffered evidence of the prior relationship of the parties as described by the prosecutrix certainly tends to make the appellant's defense of consent more probable in view of the invitation from the prosecutrix and her mode of dress at the time she let him into her abode. Consequently, we conclude that the trial court erred in excluding the testimony.

Reversed and remanded.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and PURTLE, JJ.