Donny BOBO and Michael FORREST
*v.* STATE of Arkansas

CR 79-146                        289 S.W. 2d 5

Opinion delivered October 29, 1979
(In Banc)
[Rehearing denied December 3, 1979.]

*John W. Walker* and *James P. Massie* and *Ball & Mourton,* by: *Kenneth Mourton,* for appellants.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The two appellants were charged with rape, allegedly committed in the early morning hours of December 12, 1978, at the Wilson Sharp athletic dormitory in Fayetteville. Before the trial, which has not yet been held, the defendants filed a motion pursuant to Ark. Stat. Ann. § 41-1810.2 (Repl. 1977), asking that evidence of the proxecutrix's prior sexual conduct with the defendants and with other persons be declared to be admissible.

At the ensuing hearing, in camera, the court held admissible (a) evidence of the prosecutrix's prior sexual relations with the defendants during the 18 months preceding the date of the offense charged and (b) evidence of the prosecutrix's alleged sexual relations with one Bobby Duckworth on the same evening and in the same room as the alleged rape. The court's order provided that the testimony as to item (b) might be developed by direct or cross examination of the prosecutrix, of Duckworth, and of the defendants.

On this interlocutory appeal the defendants contend that three additional trial procedures should have been approved: (1) Introduction of proof of Duckworth's prior sexual relations with the prosecutrix; (2) cross-examination of the prosecutrix about her prior sexual relations with some 15 other persons, at least four of whom were athletes; and (3) introduction in evidence of a nude picture of the prosecutrix published in 1977 in the magazine "Gallery."

The exact language of the controlling act, passed in 1977, is important to our decision. We quote Sections 1 and 2 of the act:

Section 1. In any criminal prosecution under Arkansas Statutes Annotated 41-1803 through 41-1810, or for criminal attempt to commit, criminal solicitation to commit, or criminal conspiracy to commit an offense defined in any of these sections, opinion evidence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.

Section 2. Notwithstanding the prohibition contained in Section 1 [§ 41-1810.1], evidence directly pertaining to the act upon which the prosecution is based or evidence of the victim's prior sexual conduct with the defendant or any other person may be admitted at the trial if the relevancy of such evidence is determined in the following manner:

(a) A written motion shall be filed by the defendant with the Court at any time prior to the time the defense rests stating that the defendant has an offer of relevant evidence of the victim's prior sexual conduct and the purpose for which the evidence is believed relevant.

(b) A hearing on the motion shall be held in camera no later than three (3) days before the trial is scheduled to begin, or at such later time as the Court may for good cause permit. A written record shall be made of such in camera hearing, and shall be furnished to the Arkansas Supreme Court on appeal. If, following the hearing, the Court determines that the offered proof is relevant to a fact in issue, and that its probative value outweighs its

inflammatory or prejudicial nature, the Court shall make a written order stating what evidence, if any, may be introduced by the defendant and the nature of the questions to be permitted in accordance with the applicable rules of evidence.

(c) If the Court determines that some or all of the offered proof is relevant to a fact in issue, the victim shall be told of the Court's order and given the opportunity to consult in private with the Prosecuting Attorney. If the Prosecuting Attorney is satisfied that the order substantially prejudices the prosecution of the case, an interlocutory appeal on behalf of the State may be taken in accordance with Rule 36.10(a) and (c), Arkansas Rules of Criminal Procedure. The defense may appeal such court order in like manner if such order is deemed by the defense to be prejudicial. Further proceedings in the trial court shall be stayed pending a determination of the appeal. Provided, a decision by the Arkansas Supreme Court sustaining in its entirety the order appealed shall not bar further proceedings against the defendant on the charge. [Ark. Stat. Ann. §§ 41-1810.1 and -1810.2.]

It will be seen that Section 1 broadly excludes opinion evidence, reputation evidence, and evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person, for all purposes. Section 2 then creates an exception to the general exclusionary rule by permitting the defendant to file a motion to be allowed to offer relevant evidence of "the victim's prior sexual conduct." After an in camera hearing the court is to make a written order determining what evidence is relevant to a fact in issue and has probative value outweighing its inflammatory or prejudicial nature. With the statute in mind, we turn to the appellant's three contentions.

(1) The court correctly excluded evidence of Duckworth's alleged prior sexual relations with the prosecutrix. We have said, in applying this same statute, that information about the prosecutrix's complete sexual history "is usually

totally irrelevant to the charge of rape." *Duncan* v. *State*, 263 Ark. 242, 565 S.W. 2d 1 (1978). We cannot say that the trial court erred in holding that the mere fact that Duckworth may have had sexual relations with the prosecutrix on the same evening and in the same room as the alleged rape established the relevancy of any other relations that Duckworth may have had with her.

(2) The court was right in limiting the scope of the cross examination of the prosecutrix at the forthcoming trial. The court held, properly, that she might be questioned about her prior sexual relations with the two defendants. See *Brown* v. *State,* 264 Ark. 944, 581 S.W. 2d 549 (1979). The court also held that she might be cross-examined about the incident with Duckworth that occurred almost as part of the same episode. But, again, we cannot say that the court erred in holding that the prosecutrix's prior relations with third persons were inadmissible with respect to the central issue of whether she consented to what the State asserts to have been rape. Indeed, if that broad range of inquiry were permissible without a special showing of relevancy, the basic exclusionary rule laid down in Section 1 of the 1977 statute, with respect to proof of specific instances of prior conduct, would pretty well go by the board. The intent of the act, as we said in *Duncan* v. *State, supra,* was to protect the victim from unnecessary humiliation.

(3) We also agree with the trial court's exclusion of the published picture of the prosecutrix. The proof was that she had privately posed for a nude photograph, but she did not send it to the magazine, consent to its publication, or receive pay for it. Thus all that was actually shown was that about a year and a half before the alleged rape, when the prosecutrix was 17, she posed in the nude. The court did not abuse its discretion in holding that the probative value of the exhibit was outweighed by its inflammatory or prejudicial nature. Moreover, Section 2 of the act relates only to proof of the victim's prior "sexual conduct," which in turn is defined in Section 3, § 41-1810.3. Since posing in the nude for a photograph does not fall within that statutory definition of sexual conduct, we are not convinced that the act was meant to permit the introduction of such evidence.

6

Affirmed.

HARRIS, C.J., not participating.

BYRD, J., dissents.