Michael Wayne DORN *v.* STATE of Arkansas

CR 79-167                                    590 S.W. 2d 297

Opinion delivered December 17, 1979
(In Banc)

*Brockman & Brockman,* by: *C. Mac Norton,* for appellant.

*Steve Clark,* Atty. Gen., by: *Joseph H. Purvis,* Deputy Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is an interlocutory appeal from the trial court's ruling at a pretrial hearing under the rape-shield statute. Ark. Stat. Ann. §§ 41-1810.1 et seq. (Repl. 1977). The trial court sustained the admissibility of proffered proof concerning prior sexual activity between the prosecutrix and the defendant and concerning a statement made by the prosecutrix suggesting a questionable motive for her charge of rape. The appeal challenges the court's further ruling that evidence of the prosecutrix's reputation for chastity and morality and of her prior sexual activity with third persons would not be relevant. We affirm the court's ruling.

According to the defendant's proffer of proof, at about 2:00 a.m. on November 9, 1978, the prosecutrix, accompanied by other young people, left the Collegiate Plaza, a

night club, and was taken to her home. Before going in her house the prosecutrix saw the defendant, whom she knew, in his car. After the prosecutrix's friends left, the defendant returned and honked for the prosecutrix, who came out and got in the car. The two drove away. The defense contends that the two consumed alcohol and engaged in sexual intercourse by consent. The State asserts that there was no alcohol in the car and that the defendant stopped the car, started hitting the prosecutrix, pulled off her clothes, and raped her.

The defendant's brief states only one point for reversal, but his argument actually includes four separate subordinate contentions.

First, it is contended that, despite the language of the statute, proof of the prosecutrix's reputation is still admissible, as it used to be, to establish the defense of consent. The statute refutes that contention. Section 41-1810.1 explicitly provides that reputation evidence and specific instances of the victim's prior sexual conduct are not admissible to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose. Section 41-1810.2 then creates an exception to the exclusion by permitting the defendant, at a pretrial hearing, to proffer relevant evidence (1) directly pertaining to the act upon which the prosecution is based or (2) of the victim's prior sexual conduct with the defendant or any other person. The exception, however, contains no reference whatever to reputation evidence, which is therefore excluded under the first section of the statute.

Second, it is contended, again in the teeth of the statute, that evidence of the victim's prior sexual conduct with third persons is still admissible as bearing upon her credibility. Section 1, as we have said, explicitly excludes proof of such conduct to attack the credibility of the victim. Section 2 contains no exception to that exclusion as far as credibility is concerned; so such evidence must be excluded when offered for that reason. Apart from the statute, if such evidence had a genuine bearing upon credibility, then every woman would be exposed to such cross examination whenever she testified

in any case whatever, civil or criminal.

Third, it is argued that the statute violates the accused's right to confront the witnesses against him and his right to due process of law. Both those arguments were rejected in *Marion* v. *State,* 267 Ark. 345, 290 S.W. 2d 288 (1979). To the same effect is the holding in *United States* v. *Kasto,* 584 F. 2d 268 (8th Cir. 1978). We need not repeat the reasons given in those cases.

Fourth, it is argued that the statute denies the equal protection of the law, in that the act restricts the defendant's freedom to introduce evidence with no similar restriction upon the prosecution. To begin with, the prosecution is actually restricted by the principle that it cannot bolster its case by proving that the same defendant committed another rape. *Alford* v. *State,* 223 Ark. 330, 266 S.W. 2d 804 (1954). In the second place, the classification made by the rape-shield statute is not arbitrary, being based upon permissible considerations of public policy. We agree with the view expressed by an Indiana Court of Appeals in rejecting this same argument:

> [T]he rape shield statute was a rational attempt by the Legislature to protect the prosecutrix from harassment that might arise if her prior sex life was disclosed in court. Another closely related justification for rape shield laws is that they will aid in crime prevention because victims, knowing that the statute protects them from the embarrassment of the introduction of evidence of previous sexual activity, will be encouraged to report rape offenses. In light of these legitimate state policies, it cannot be said that the disparate treatment of this statute is without a reasonable basis.

*Finney* v. *State,* 385 N.E. 2d 477 (Ind. App. 1979).

Affirmed.

HARRIS, C.J., not participating.

BYRD, J., dissenting.