James KEMP, Jr. *v.* STATE of Arkansas

CR 80-155                                    606 S.W. 2d 573
Supreme Court of Arkansas
Opinion delivered October 20, 1980
Rehearing denied November 17, 1980

836

*Holmes, Holmes & Trafford*, by: *Winfred A. Trafford*, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. Appellant, a 28 year old male, was charged by information with rape in violation of Ark. Stat. Ann. § 41-1803 (Repl. 1977), and arrested on November 13, 1978. He was released on bond and entered a plea of not guilty, alleging consent as his defense to the charge. On April 11, 1980, ten days prior to the date set for trial, appellant filed a motion requesting a hearing on the relevancy of the alleged victim's prior sexual activities, and on April 14 filed another motion seeking an absolute dismissal of the charge claiming he had been denied his right to a speedy trial under Rule 28 of the Arkansas Rules of Criminal Procedure. On the day set for hearing of the motions, appellant filed a third motion asking the trial court to rule

that the rape shield statute, Ark. Stat. Ann. §§ 41-1810.1, et seq, (Repl. 1977), was unconstitutional. The trial court held that appellant had not been denied a speedy trial, that the rape shield statutes were not unconstitutional, and that evidence of the prosecutrix's prior sexual activity would be inadmissible at trial. Appellant brings this interlocutory appeal from those rulings of the trial court made at a pretrial hearing. We agree with the ruling of the trial court on all three points.

Appellant's first contention involves his allegation that he has been denied his right to a speedy trial as provided in Rule 28 of the Arkansas Rules of Criminal Procedure. Rule 28.1 provides, in pertinent part:

(b) Any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty, shall be brought to trial before the end of the third full term of court . . .

The terms of court in Jefferson County are established by law as beginning on the first Monday in March and the first Monday in October of each year. Ark. Stat. Ann. § 22-310 (Repl. 1962). The Eleventh Judicial District, of which Jefferson County is a part, was divided into two divisions by Act 194 of 1973. Appellant urges that our decisions in *Harkness* v. *Harrison*, 266 Ark. 59, 585 S.W. 2d 10 (1979), and *Alexander* v. *State*, 268 Ark. 384, 598 S.W. 2d 395 (1980), require the finding that four full terms of court have passed since his arrest and, thus, he has been denied a speedy trial. Appellant contends that, as there are two circuit judges in the district, for the purposes of Rule 28 there were two terms of court which began on March 5, 1979, and two terms which began on October 1, 1979. As appellant was not brought to trial during either of these terms, he contends four full terms have passed in violation of Rule 28.

Appellant's reasoning is erroneous. Neither *Harkness* nor *Alexander* authorizes the computation relied upon by appellant. Regardless of the number of judges, there are but two terms of court in Jefferson County in any one-year period — the one term that begins in March and the one that begins

in October. We have previously held in *Wade* v. *State*, 264 Ark. 320, 571 S.W. 2d 231 (1978) that the term during which a defendant is arrested is not counted for purposes of the rule. Therefore, the first term that is counted began March 5, 1979, the second term began October 1, 1979, and the third term began March 3, 1980. As the case was set for trial on April 21, 1980, and the third full term of court did not end until October 6, 1980, there was no denial of a speedy trial under Rule 28.

Appellant's other point for reversal is that the trial court erred in finding Ark. Stat. Ann. § 41-1810.1, the rape shield statute, unconstitutional. We have addressed this argument on several occasions and consistently rejected it. *Dorn* v. *State*, 267 Ark. 365, 590 S.W. 2d 297 (1979); *Bobo* v. *State*, 267 Ark. 1, 589 S.W. 2d 5 (1979); *Duncan* v. *State*, 263 Ark. 242, 565 S.W. 2d 1 (1978). In *Dorn*, supra, we noted, 267 Ark. at 368:

> [T]he rape shield statute was a rational attempt by the Legislature to protect the prosecutrix from harassment that might arise if her prior sex life was disclosed in court. Another closely related justification for rape shield laws is that they will aid in crime prevention because victims, knowing that the statute protects them from the embarrassment of the introduction of evidence of previous sexual activity, will be encouraged to report rape offenses. In light of these legitimate state policies, it cannot be said that the disparate treatment of this statute is without a reasonable basis.

We have also rejected arguments that the statute violates the accused's right to confront the witnesses against him and his right to due process of law. *Marion* v. *State*, 267 Ark. 345, 590 S.W. 2d 288 (1979). Accordingly, we affirm the trial court's ruling that Ark. Stat. Ann. § 48-1810.1 is not unconstitutional.

The testimony offered by appellant at the pretrial hearing and held inadmissible by the court concerned his prior conversations with and sexual activities of the prosecuting witness. She had been the regular babysitter for the children of appellant and his wife for about two years when the alleged

rape occurred. Appellant testified he had never had prior sexual intercourse with her, but that when- he would take her home, they had "necked," she had put her hand on his penis, and he had rubbed her breasts. He also said she had told him of her affairs with two married men. The prosecuting witness was 16 years of age.

The testimony offered by appellant is clearly prohibited by § 41-1810.1. The statute excludes "evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person . . . through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness." We consider the testimony of appellant to be testimony of a *defense witness* for purposes of this statute. We point out, however, that the rape shield statute only excludes evidence of *prior* sexual conduct of the victim, and that appellant may testify at trial as to the actions of the prosecuting witness on the night of the alleged rape.

It is true that Ark. Stat. Ann. § 41-1810.2 provides for an exception to the statute just quoted when the trial court determines at the pretrial hearing that the testimony of the victim's prior sexual conduct is relevant and "its probative value outweighs its inflammatory or prejudicial nature." In *Brown* v. *State*, 264 Ark. 944, 581 S.W. 2d 549 (1979), we reversed the trial court and held the defendant's testimony admissible when he testified that he and the prosecuting witness had previously been to bed together, that she recently invited him to her apartment, and when he went he found her in a scanty nightgown during the middle of the day. We think the testimony of appellant in the case now on appeal is substantially different from that offered in *Brown*. Weighing the inflammatory nature of evidence against the probative value lies within the sound judicial discretion of the trial court, and its action will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. *Gruzen* v. *State*, 267 Ark. 380, 591 S.W. 2d 342 (1979). We find no such abuse in this case.

Affirmed.