Jesse James HUBBARD a/k/a Jimmy HUBBARD
v. STATE of Arkansas

CR 80-186                                   611 S.W. 2d 526
Supreme Court of Arkansas
Opinion delivered February 16, 1981

*William R. Simpson, Jr.*, Acting Public Defender, by: *Jess Rosensweig*, Deputy Public Defender, for appellee.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. The sole issue in these two interlocutory appeals is whether the trial court erred in denying appellant's motion under Ark. Stat. Ann. § 41-1810.2 (Repl. 1977) to admit allegations of prior sexual conduct by the prosecutrices in the appellant's trials on two rape charges. The two alleged rapes involve a separate set of facts and separate prosecutrices. From adverse rulings by the court in each cause, the appellant brings this consolidated appeal since the legal issues are identical.

Ark. Stat. Ann. § 41-1810.1 (Repl. 1977) operates as an absolute bar to the admission of allegations of the prosecutrix's prior sexual conduct. But, § 41-1810.1 notwithstanding, Ark. Stat. Ann. § 41-1810.2 provides for a pretrial hearing in which the defendant to a rape charge may proffer relevant testimony concerning the prosecutrix's prior sexual conduct and the court may rule such evidence admissible at trial "[i]f, following the hearing, the Court determines that the offered proof is relevant to a fact in issue, and that its probative value outweighs its inflammatory or prejudicial nature . . . ." Ark. Stat. Ann. § 41-1810.2(b).

Since what is "relevant to a fact in issue" will vary in each case, it is not possible to articulate a firm rule to be applied in all cases. And as this court recently said in *Kemp* v. *State*, 270 Ark. 835, 606 S.W. 2d 573 (1980):

Weighing the inflammatory nature of evidence against

the probative value lies within the sound discretion of the trial court, and its actions will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. *Kemp*, at 839.

Although no rule can be applied categorically to all cases, in making a determination in this case it is necessary to review recent decisions applying Ark. Stat. Ann. § 41-1810.2.

In *Brown* v. *State*, 264 Ark. 944, 581 S.W. 2d 549 (1979) the defendant raised the defense of consent to the charge of rape. In the § 41-1810.2(b) hearing, the prosecutrix testified that she had previously had sexual relations with the defendant. The defendant testified that the circumstances of the incident were that the prosecutrix had invited him to her apartment and that she had met him at the door dressed only in a nightgown. In *Brown*, this court said:

> The proffered evidence of the prior relationship of the parties as described by the prosecutrix certainly tends to make the appellant's defense of consent more probable in view of the invitation from the prosecutrix and her mode of dress at the time she let him into her abode. Consequently, we conclude that the trial court erred in excluding the testimony. *Brown*, at 945.

In *Bobo & Forrest* v. *State*, 267 Ark. 1, 589 S.W. 2d 5 (1979), consent was again raised. In the context of that case, it was held: 1) that proffered evidence of the prosecutrix's prior sexual relations with a third party should not be admitted; 2) that the prosecutrix could, however, be questioned on cross examination as to incidents of sexual activity with the third party which allegedly occurred in close proximity in time and location to the alleged rape; and 3) that the prosecutrix could be questioned on cross examination as to prior sexual relations with the defendants.

In *Marion* v. *State*, 267 Ark. 345, 590 S.W. 2d (1979), this court began a new line of cases in which the issue of consent was not raised; but rather the defense was, as here, that the alleged incident of rape simply did not occur. In *Marion*, the defendant offered evidence that the filing of the rape charge

was an act of vindictiveness following a fight between the prosecutrix and the defendant. Testimony was adduced that the prosecutrix had vowed to "get even" with the defendant.

In *Marion*, this court ruled that the trial court properly excluded evidence of the prosecutrix's general reputation as a prostitute, and that she had two children born out of wedlock. But we ruled that the prosecutrix could be cross examined concerning prior sexual relations with the defendant:

> Certainly upon sufficient proffer as here, the victim's bias, prejudice or ulterior motive for filing the charge is relevant or germane to the question of whether the alleged act of sexual intercourse actually occurred and the probative value outweighs its inflammatory or prejudicial nature. *Marion*, at 348.

However, this court also offered a *caveat* in *Marion*, quoting from a Wisconsin case:

> The offer of proof need not be stated with complete precision or in unnecessary detail, but it should state an evidentiary hypothesis underpinned by a sufficient statement of facts to warrant the conclusion or inference that the trier of fact is urged to adopt . . . [and] it ought to enable a reviewing court to act with reasonable confidence that the evidentiary hypothesis can be sustained and is not merely an enthusiastic advocate's assumption. *Id.*, at 348.

In the first of the two cases before us, CR 79-2095, the defendant testified that he had dated the prosecutrix and had had frequent sexual relations with her. He testified that he had broken up with the prosecutrix two months before the alleged rape and had not seen her since that time.

The prosecutrix testified that although she had known the defendant for several years she had never dated him, had never had sexual relations with him, and that he had never been to her residence. At the hearing in this matter, defense counsel stated: "We did not get into why they broke up in February but they did. . . . I think it's going to be up to the

jury to determine." In cases where consent is not an issue, there must be something beyond the mere allegation of prior sexual activity between the prosecutrix and defendant, even if proven true, to make such evidence relevant to the prosecution for rape.

The evidentiary hypothesis being offered by the defense to support the reception of this evidence is not clear. Certainly, we cannot say the trial court has clearly abused its discretion in excluding this evidence. *Kemp* v. *State*, above.

In the second case, CR 80-0505, the defense witnesses testified that some days before the alleged rape, the prosecutrix had engaged in sexually suggestive play with the defendant's nephew. However, as *Bobo* & *Forrest*, above, indicates, sexual conduct between the prosecutrix and a third party is not admissible unless it occurred in such close proximity of time and location to the alleged rape that it bears on the issue of consent or other material element of the offense.

Further, the defense alleged that this episode between the defendant's nephew and the prosecutrix touched off a physical altercation between the prosecutrix and the defendant's sister, and this was the motivation behind the charge of rape. However, unlike *Marion*, in the present case there was no testimony that the prosecutrix vowed to "get even," or in any other way threatened the defendant or his sister. The record is devoid of any evidence that the prosecutrix bore animosity against the defendant from the incident which would support an inference that the charge of rape was purely vindictive.

As in the first instance, we are unable to say that the trial court clearly abused its discretion in excluding the proffered testimony. We therefore must affirm both causes. *Kemp* v. *State, supra*.

Affirmed.