Thomas Lloyd GRISWOLD *v.* STATE of Arkansas

CR 88-174                                        768 S.W.2d 35

Supreme Court of Arkansas
Opinion delivered April 17, 1989

*Young & Finley*, by: *Dale W. Finley*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. This is an appeal from an order denying the appellant a new trial for ineffective assistance of counsel. We remand the case for further proceedings.

The appellant's convictions for the rape of three young girls were affirmed by this court. *Griswold* v. *State*, 290 Ark. 79, 716 S.W.2d 767 (1986). In 1987 he sought permission, *pro se*, to proceed with a Rule 37 petition, claiming that his lawyer has failed to call crucial witnesses whom he knew could testify to the victims' lack of credibility. In an unpublished *per curiam* dated November 9, 1987, we ordered that a hearing be held limited to the allegation regarding the failure to investigate the potential witnesses named by the petitioner.

The appellant's attorney, Robert Irwin, testified at the hearing and admitted he was aware that certain witnesses had information relevant to the appellant's case: Linda Bright, a social worker in Louisiana; Dr. Alan Klein, a psychologist in Louisiana; Homer Griswold, the appellant's brother, and Homer's wife, Dr. Beth Griswold, a psychologist.

Irwin telephoned the Griswolds, who lived in Newcastle, Wyoming, and recorded the conversation. They told Irwin that

two of the appellant's alleged victims had wrongly accused them of abuse and had fabricated stories concerning other adults as well.

Dr. Griswold also provided Irwin with written reports prepared by Linda Bright and Dr. Alan Klein. Bright's report indicated generally that the girls had distorted perceptions of reality. Dr. Klein's report noted that one of the girls had retracted her claim that she had been abused by the Griswolds.

Irwin did not contact either Klein or Bright. As he testified, he decided to "put all his eggs in one basket" and rely on Homer and Beth Griswold to undermine the credibility of the victims. He admitted that Klein and Bright had knowledge of the victims' psychological problems, but felt that Dr. Griswold would be his "number one, best witness" and Homer Griswold the second best witness.

The trial was apparently set several times and finally scheduled for October 4. Irwin sent blank subpoenas to the Griswolds in Wyoming so they could clear any absence for trial with their employers. On October 4, the trial was reset for October 18. Additional subpoenas were sent, but they did not reach the Griswolds until just a few days before trial.

Irwin spoke with the witnesses on the phone the Wednesday before the trial on Friday. Dr. Griswold said she informed him that a winter storm had made traveling hazardous in their area and that her husband had injured himself. On the day before trial, she confirmed that it would be impossible for them to attend. She testified that she asked Irwin to try for a continuance, but he said he could not get one. The appellant learned, for the first time, on the day before his trial that his key witnesses would not appear.

Irwin testified that the Griswolds' testimony was very important. While he did not believe the testimony of either Klein or Bright would be crucial, he stated, "there is no question in my mind that the outcome of the case might have been different had [the Griswolds] appeared." Irwin did not recall Dr. Griswold mentioning a continuance. Nevertheless, he did not move for a continuance when it was discovered they would not be available. Irwin testified he came to believe the Griswolds did not intend to come to Arkansas because they feared charges would be made

against them.

The trial judge denied the appellant's petition. He decided it was not counsel's fault that the Griswolds did not appear. He concluded the Griswolds did not want to come to the trial and declined to rule on whether Irwin should have asked for a continuance, saying the only issue before him was whether the witnesses had been properly investigated.

■   While we do not fault the trial judge for reading our *per curiam* narrowly, and perhaps its wording was too restrictive, it would indeed make justice an empty vessel to say a lawyer should investigate and prepare for trial but is not required to take all reasonable steps necessary to get critical evidence introduced.

■   Therefore we remand the case for the trial judge to determine if Griswold was denied effective assistance of counsel because his attorney did not move for a continuance. If the appellant brings another appeal, he should abstract the trial record. Prejudice must be demonstrated.

Remanded.

HAYS and GLAZE, JJ., dissent.

STEELE HAYS, Justice, dissenting. In our per curiam order of November 9, 1987, *Griswold* v. *State*, we stated as grounds for remanding this case that the petitioner had alleged that his trial counsel failed to adequately investigate the case or prepare a defense:

> Specifically, the lack of investigation lies in failing to contact witnesses who, according to petitioner, would give testimony as to the victims' history of fabricating claims of abuse and their general lack of credibility. The petitioner names the witnesses, at least two of whom are psychology professionals familiar with two of the victims, and alleges that he asked his attorney to call them but that his attorney refused. . . . *The hearing will be limited to the allegation regarding the failure to investigate potential witnesses named by the petitioner."* [My emphasis.]

The trial court did exactly as we directed and heard testimony from which he concluded that defense counsel had not neglected to investigate and prepare. That finding was not clearly

against the preponderance of the evidence.

As to Dr. Klein and Ms. Linda Bright, the record tells us almost nothing of what Ms. Bright might testify to and the report of Dr. Klein was made in 1980, whereas the offenses involving these children occurred from August 1983 to July 1984. Moreover, it is clear Dr. Klein's information came entirely from Dr. Griswold, as defense counsel testified:

> His background information, however, came from Dr. Griswold. The information about the grandfather, the allegations of abuse by the grandfather, the abuse by petitioner, and the allegations of abuse against Dr. Griswold, *all came from her* [referring to Dr. Griswold]. [My emphasis.]

The plan of defense counsel was to have Dr. Griswold, a clinical psychologist, testify as an expert, "relying on all the information available to her," including Dr. Klein's report. In short, these were decisions of trial strategy which we have said repeatedly are not a proper basis for ineffective assistance of counsel. *Knappenberger* v. *State*, 283 Ark. 210, 672 S.W.2d 54 (1984); *Leasure* v. *State*, 254 Ark. 961, 497 S.W.2d 1 (1973).

The evidence is undisputed that the Griswolds told defense counsel they would come for the trial, but refused "at the last moment," telling defense counsel that an injury to Mr. Griswold's foot made it impossible for them to attend the trial. At the hearing after remand, however, petitioner contended that "a blizzard" prevented the Griswolds from leaving their home in Newcastle, Wyoming. The injury was not mentioned.

Now the majority has changed the premises altogether and reversed the trial court, not for failure to comply with the per curiam order, but for conducting a hearing which did exactly as we instructed. The case is remanded a second time to address a wholly different issue, i.e., whether defense counsel should have sought a continuance to obtain the presence of the Griswolds, an issue not raised in petitioner's fifteen page Rule 37 petition nor mentioned in our per curiam. That issue could have been resolved at the last hearing if the petitioner had asserted it and it is, I believe, inconsistent with the purpose of Rule 37 to permit it to be raised in retrospect, thereby necessitating two hearings. All of

this in spite of a total lack of any showing by the petitioner that he was so prejudiced by these developments that his trial must be regarded as unfair. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

I respectfully dissent.