Randy BURROW *v.* STATE of Arkansas

CR 88-105                                        783 S.W.2d 52

Supreme Court of Arkansas
Opinion delivered January 29, 1990

*Michael Everett,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Randy Burrow has appealed from denial of a motion that he be allowed to introduce evidence of past sexual conduct on the part of his stepdaughter whom he stands accused of raping. Act 197 of 1977 permitted appeal by either the state or the defendant of the court's action on such a motion. By Act 889 of 1983 the general assembly removed the provision for appeal by the defendant. Burrow argues that the depriviation of his right to interlocutory appeal violates his right to equal protection of the laws. He claims that because Act 889 is unconstitutional his right to an interlocutory appeal is reinstated. We hold Act 889 is not unconstitutional and dismiss the appeal.

Mr. Burrow acknowledges that a number of cases following *United States* v. *Bitty,* 208 U.S. 293 (1903), hold that it is not a deprivation of equal protection of the laws to permit an interlocutory appeal by the state but not the defendant in a

criminal case. That is so because there is a rational basis for discrimination; if the state ultimately loses it cannot wage an effective appeal of the acquittal, but the defendant can do so with respect to a conviction. Burrow contends, however, that this is not a contest between him and the state but between him and the alleged victim. He cites no authority for that position, and even if we could agree that the alleged victim is the "real party in interest," we would have no reason to grant this appeal. His argument that he is just as traumatized by the accusation as the alleged victim would be by revelation in open court of her past amounts to no more than an attack on the protective provisions of the "rape-shield law."

In *Dorn* v. *State*, 267 Ark. 365, 590 S.W.2d 297 (1979), we upheld the "rape-shield law," now codified as Ark. Code Ann. § 16-42-101 (1987), against an equal protection challenge to its provisions designed to protect victims of sex crimes. We have been given no reason to depart from that holding.

Appeal dismissed.