Thomas Lloyd GRISWOLD *v.* STATE of Arkansas

CR 90-158 801 S.W.2d 270

Supreme Court of Arkansas
Opinion delivered December 17, 1990
[Rehearing denied January 28, 1991.]

*Young & Finley*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DALE PRICE Justice. Thomas Lloyd Griswold appeals his conviction of three counts of rape. He was sentenced to three life

terms to be served concurrently. The first trial of this mater resulted in a conviction of three counts of rape which was affirmed by this court in *Griswold* v. *State*, 290 Ark. 79, 716 S.W.2d 767 (1986). In *Griswold* v. *State*, 298 Ark. 397, 768 S.W.2d 35 (1989), we remanded for the trial judge to determine if the appellant was denied effective assistance of counsel. A new trial was ordered, and Griswold now contends the trial court erred in holding that Dr. Beth Griswold could not testify as to the victims' prior exposure to sexual acts, terminology and fantasies. We affirm.

The appellant was convicted of raping his two nieces, ages thirteen and ten, and his five-year-old stepdaughter. The appellant's nieces and their mother (the appellant's sister) were living in the same house with the appellant and his wife. The appellant's wife had a daughter and two sons by a former marriage who also resided in the house. The rapes of the three girls allegedly occurred while their mothers were working at a poultry plant and the appellant was home alone with the children after school.

The appellant's nieces subsequently moved into the home of their mother's brother, Homer Griswold. Homer Griswold was the brother of the appellant and married to Dr. Beth Griswold, a psychologist. The nieces lived with Homer and Beth Griswold for approximately one year. At his trial, the appellant attempted to show through Dr. Griswold's testimony that the children were thoroughly familiar with sexual acts, terminology and fantasies at an early age. The prosecutor's objection to this line of questioning on the basis of relevancy was sustained by the trial court. The discussion of the ruling was moved into chambers, where it was learned the appellant intended to have Dr. Griswold testify to statements allegedly made to her by her nieces. The girls' statements consisted of their exposure to sexual liaisons between their mother and several men and overhearing profane language used during those instances. The appellant argued Dr. Griswold's testimony was relevant because the jury need to know how the victims acquired their knowledge of sexual matters at such a young age. The trial court determined the proffered testimony of Dr. Griswold was collateral, irrelevant, and had no bearing on the elements of the alleged rapes. The court stated that "it is immaterial where they [the victims] may have gained knowledge of sexual acts."

 Griswold appeals the above ruling, arguing this testimony was relevant, and the trial court's failure to allow it led to conjecture by the jury that the victims learned all they knew about sexual acts from the appellant. We find no merit to this argument. A.R.E. Rule 401 states:

> 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

A.R.E. Rule 402 states "[e]vidence which is not relevant is not admissible." A ruling on relevancy is discretionary, and the trial court's decision will not be reversed unless an abuse of discretion is found. *Kellensworth v. State*, 278 Ark. 261, 644 S.W.2d 933 (1983). The proffered testimony of Dr. Griswold had no bearing on the question of the appellant's guilt. How, when and from whom the victims acquired their knowledge of sexual matters did not make it more or less likely that the appellant committed rape. The trial court did not abuse its discretion in its ruling on this testimony. In addition, the proffered testimony of Dr. Griswold was properly excludable as hearsay. A.R.E. Rule 802; *Ward v. State*, 293 Ark. 88, 733 S.W.2d 728 (1987).

The Arkansas Supreme Court and Court of Appeals Rule 11(f) requires that the appellant abstract all objections decided adversely to him in the trial court, together with such parts of the record which are needed for an understanding of the objection when the sentence is death or life imprisonment. The attorney general is to make certain that all objections have been abstracted and brief all points argued by the appellant as well as any other points that appear to involve prejudicial error. Neither party has complied with Rule 11(f), and in order to save the time which would be required to have the case rebriefed, we have examined the record and found no meritorious objections decided adversely to Griswold and no prejudicial error.

Affirmed.

HOLT, C.J., DUDLEY and NEWBERN, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. The appellant was charged with the rape of three girls who were five, ten, and thirteen years old. Force was not an element of the crimes. *See*

Ark. Code Ann. § 5-14-103 (1987). Appellant denied the charges. In the State's case-in-chief, the girls used graphic language to describe their allegations. Appellant's counsel was concerned that the jurors would infer that girls of such immature years would not have such an extensive knowledge of sexual acts unless they had, in fact, been previously exposed to sexual acts by appellant. In his defense, appellant's counsel sought to counter the testimony by showing that the girls (1) lacked credibility and (2) that the graphic language did not necessarily come from any experience with appellant. He showed that the girls had made prior accusation which apparently were false because the girls later retracted them. Those false allegations against others included an allegations of sexual abuse. Counsel then sought to prove that the girls previously had seen sexual acts performed by their mother and various men, and that is where they gained the knowledge to graphically describe their allegations. The trial court ruled the matter of prior knowledge was not relevant. The majority opinion affirms that ruling. I dissent.

The basis of the majority opinion is that the proffered testimony had no bearing on the elements of the alleged rapes, or the ultimate issue. I submit that the majority misconstrue the meaning of Rule 401.

The definition of "relevancy" is not at all limited to the ultimate fact in dispute. In fact, because the word "materiality" had acquired that very meaning, it was deliberately excluded from use in the rules. Cotchett and Elkind, *Federal Courtroom Evidence*, 43 (2d ed. 1988). "Relevant evidence" under Rule 401 means evidence "having any tendency to make the existence of *any fact that is of consequence to the determination of the action* more probable or less probable than it would be without the evidence." The advisory committee's comments to Rule 401 of the federal rules provides: "The kind of fact to which proof may be properly directed is any fact that is of consequence to the determination of the action. The fact to be proved may be *ultimate, intermediate, or evidentiary; so long as it is of consequence in the determination of the action.*" As Dean McCormick has so aptly phrased it: "To be relevant, evidence need only be a brick, not a wall." *McCormick on Evidence* 543 (3d ed. 1984). In sum, the majority misconstrues the meaning of "relevant."

In *Grigsby* v. *State*, 260 Ark. 499, 542 S.W.2d 275 (1976), we said relevant evidence is any evidence which aids in establishing the accused's guilt *or innocence*, even though only a slight inference can be drawn from the evidence. In *Brown* v. *State*, 264 Ark. 944, 581 S.W.2d 549 (1979), we held that prior sexual conduct between the prosecutrix and the accused was relevant to a consent defense to a charge of rape.

The fallacy of the majority reasoning can easily be demonstrated. If the elements of a crime, or the ultimate issue, are all that are relevant, an accused could never prove insanity as a defense, and credibility of witnesses could never be attacked. The proffered testimony in this case was relevant to prove that the girls were able to graphically describe sexual activity aside from any act by the accused.

The majority opinion affirms the trial court on the alternative basis of hearsay. Again, I am unable to agree because, under the facts of this case, such an alternative ruling would be manifestly unfair. Here, in response to appellant's counsel's question, the trial court stated that the relevancy ruling applied to all witnesses, and that included the girls. Thus, the appellant was prevented on the basis of relevancy from asking the questions directly of the girls. Accordingly, I dissent.

HOLT, C.J., and NEWBERN, J. join in this dissent.