

| CHIEF JUSTICE | | CLERK |
| JAMES T. WORTHEN | | CATHY S. LUSK |

**TWELFTH COURT OF APPEALS**

| JUSTICES | | CHIEF STAFF ATTORNEY |
| SAM GRIFFITH | | MARGARET HUSSEY |
| BRIAN HOYLE | | |

Wednesday, January 10, 2007

Mr. Steven B. Thorpe
Thorpe, Hatcher & Washington, LLP
2929 Carlisle Street
Suite 250
Dallas, TX 75204

Mr. David W. Clawater
Cruse Scotthenderson& Allen LLP
2777 Allen Parkway
7th Floor
Houston, TX 77019

**RE:**   Case Number:      12-04-00314-CV
        Trial Court Case Number:   2002-272-A

**Style:**   Mitch Alford
        v.
        Robert W. Cary, M.D.

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause. Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: *Katrina McClenny*
      Katrina McClenny, Chief Deputy Clerk

CC:      Hon. John Ovard
         Judge David Scott Brabham
         Ms. Barbara Duncan

# NO. 12-04-00314-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MITCH ALFORD,* *APPELLANT* | § | *APPEAL FROM THE 188TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *ROBERT W. CARY, M.D.,* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION ON REMAND*

Mitch Alford appeals the granting of a bill of review in favor of Robert W. Cary, M.D. In three issues, Alford contends the trial court erred in granting the bill of review while Cary contends in three cross issues that it did not. We affirm.

## PROCEDURAL HISTORY

Alford filed a lawsuit against Cary. Although it is undisputed that Cary was served with citation, he did not file an answer or appear. The trial court later entered a default judgment on liability and a final judgment against Cary awarding Alford $1,951,188.00 in damages. Cary then filed an original petition for a bill of review asking the trial court to vacate the judgment rendered against him.

In his affidavit attached to his petition for bill of review, Cary stated,

> I have been served with citation in lawsuits in which I have been sued on other occasions. On each of these occasions, I followed the established office procedure at Diagnostic Clinic. That procedure involves providing the citation to the business manager of Diagnostic Clinic who, in return, forwards the citation to the appropriate insurance carrier.

Later in his affidavit Cary stated, "I do not recall being served with citation or the Plaintiff's Petition

in Cause No. 2000-1977-A styled *Mitch Alford v. Dr. Robert Cary* in the 188th District Court of Gregg County, Texas. If I had realized I had been sued, I would have followed [the] procedure outlined above."

Cary then filed a motion for summary judgment on his petition for bill of review. Later the trial court signed an order granting the summary judgment motion, setting aside the prior default and final judgments in favor of Alford, and granting a new trial on the merits. Two years later, on August 30, 2004, the trial court entered a take nothing judgment in favor of Cary and against Alford. Alford timely filed a notice of appeal of the summary judgment setting aside his prior default and final judgments against Cary.[1]

We reversed the trial court's judgment, holding that Cary's bill of review affidavit was insufficient to negate conscious indifference as the reason for his failure to answer Alford's lawsuit. *Alford v. Cary*, No. 12-04-00314-CV, 2005 WL 2665442, at *5 (Tex. App.–Tyler Oct. 19, 2005). Cary filed a petition for review, which was granted, and the Texas Supreme Court vacated our judgment and remanded this case to us for reconsideration in light of its recent decision in *Fidelity and Guaranty Insurance v. Drewery Construction Co.*, 186 S.W.3d 571 (Tex. 2006) (per curiam).

## ISSUES

In three issues, Alford attacks the summary judgment. In his first issue, he contends that the trial court erred in granting summary judgment on the bill of review because Cary failed to satisfy the required elements established by the Texas Supreme Court in *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950). In his second issue, he contends that the trial court erred because Cary failed to satisfy the relaxed requirements for setting aside a final judgment established by the Texas Supreme Court in *Hanks v. Rosser*, 378 S.W.2d 31 (Tex. 1964). In his third issue, Alford contends that the trial court erred because granting the bill of review was contrary to Rule 239a of the Texas Rules of Civil Procedure.

In the first of three cross issues, Cary contends the bill of review was proper because Alford did not present evidence to support the damages awarded in the final judgment of February 5, 2001.

---

[1] There is no dispute between the parties that the order granting Cary's bill of review and setting aside Alford's default and final judgments was interlocutory and could not be appealed until the take nothing judgment was entered in Cary's favor on August 30, 2004.

2

In his second cross issue, Cary contends he was not afforded due process. In his third cross issue, Cary contends that if the trial court's ruling on the bill of review is reversed, we should remand the case for a trial on the merits.

## STANDARD OF REVIEW

The trial court granted Cary's bill of review on a traditional motion for summary judgment. In reviewing a trial court's granting of summary judgment, we apply the following standards: 1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; 2) in deciding whether a disputed material fact issue exists, we accept as true the evidence favorable to the nonmovant; and 3) we indulge every reasonable inference in favor of the nonmovant and resolve any doubts in his favor. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and his entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See, e.g., City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). We will reverse the summary judgment and remand the cause for a trial on the merits if the summary judgment was improperly granted. *See Gibbs v. Gen. Motors Corp.*, 450 S.W.2d 827, 828-29 (Tex. 1970).

## BILL OF REVIEW

Alford's first two issues relate to the proper standard for determining whether Cary was entitled to summary judgment on his petition for bill of review. We will address those issues together.

### Applicable Law

Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment, he must allege and prove 1) a meritorious defense to the cause

3

of action alleged to support the judgment, 2) which he was prevented from making by the fraud, accident, or wrongful act of the opposite party, 3) unmixed with any fault or negligence of his own. *Alexander*, 148 Tex. at 568-69, 226 S.W.2d at 998. Alford contends that these are the elements which Cary must establish before he is entitled to a summary judgment granting the bill of review. However, Alford concedes that the Texas Supreme Court later relaxed these standards. *See Hanks*, 378 S.W.2d at 34-35. In *Hanks*, our supreme court held that

> assuming that the failure to file an answer is not intentional or the result of conscious indifference, . . . if a litigant is misled or prevented from filing a motion for new trial by misinformation of an officer of the court acting within his official duties, and this misinformation is given to the party or his counsel within the ten-day period for filing the motion for new trial so as to bring about the failure to file a motion for new trial in time, the trial court, upon finding that the party has a meritorious defense and that no injury will result to the opposite party, may grant the bill of review.

*Id.* at 35. Cary contends that the failure of the district clerk to serve him with the default and final judgments was misinformation. *See Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1994). Therefore, Cary argues, the *Hanks* standard should be applied here because of the district clerk's failure to give him notice of the default and final judgments. We agree.

The Amarillo Court of Appeals, in an exhaustive analysis of the supreme court cases regarding the bill of review, determined that the *Hanks v. Rosser* opinion effectively put the bill of review plaintiff (such as Cary) in the same position he would have been in had he received correct information from the court clerk and filed a timely motion for new trial. *McDaniel v. Hale*, 893 S.W.2d 652, 660 (Tex. App.–Amarillo 1994, writ denied). Therefore, in examining whether there was any fault or negligence on the part of the bill of review plaintiff, fault or negligence should be measured by the standard for negligence of the nonanswering defendant in a motion for new trial situation rather than the standard of negligence for a complainant in a typical bill of review proceeding. *Id.*

The rule is well established in Texas that a default judgment should be set aside and a new trial ordered in any case in which 1) the failure of the defendant to answer before judgment was not intentional or the result of conscious indifference on his part, but was due to a mistake or an accident; 2) provided the motion for a new trial sets up a meritorious defense and 3) is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

4

*Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). To be entitled to summary judgment, Cary was required to establish each of these elements as a matter of law. At the trial court level and in his brief before us, Alford has not contested the second and third elements of the *Craddock* test. Therefore, we will address the first element of *Craddock* shown above.

## Intentional or Conscious Indifference

In determining whether a party acted intentionally or with conscious indifference, we look to the party's knowledge and acts. *Continental Cas. Co. v. Davilla*, 139 S.W.3d 374, 382 (Tex. App.–Fort Worth 2004, pet. denied). The defaulting party satisfies its burden if the factual assertions in the defaulting party's supporting affidavits are not controverted and the affidavits set forth facts that, if true, negate intent or conscious indifference. *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994). Conscious indifference can be defined as "the failure to take some action which would have been indicated to a person of reasonable sensibilities under the same or similar circumstances." *Freeman v. Pevehouse*, 79 S.W.3d 637, 647-48 (Tex. App.–Waco 2002, no pet.) (citations omitted).

The *Craddock* standard is one of intentional or conscious indifference – that the defendant knew it was sued but did not care. *Fidelity*, 183 S.W.3d at 575-76. An excuse need not be a good one to suffice. *Id.* at 576 (citing *Craddock*, 133 S.W.2d at 125). Our supreme court has often set aside default judgments when papers were misplaced, though no one knew precisely how. *Fidelity*, 186 S.W.3d at 575. A default judgment can be set aside when the party served sets the citation down and simply loses it. *See Hanks*, 378 S.W.2d at 32, 36.

## Application of Law to Facts

As summary judgment evidence that he was not consciously indifferent and did not intentionally fail to file an answer, Cary provided his affidavit addressing his failure to answer Alford's lawsuit. In it he implied that if he had realized he was being served with citation of a lawsuit, he would have taken the necessary steps to defend himself in court. His affidavit explains that he had been sued before and that the office procedure had previously resulted in his being defended in court. This is enough of an excuse to negate intentional or conscious indifference. *See Fidelity*, 186 S.W.3d at 575-76. Alford's issues one and two are overruled.

5

## FINALITY OF JUDGMENT

In his third issue, Alford contends that the trial court erred by granting the bill of review because it was contrary to Rule 239a,[2] which states in relevant part:

> Immediately upon the signing of the judgment, the clerk shall mail written notice thereof to the party against whom the judgment was rendered at the address shown in the certificate and note the fact of such mailing on the docket. . . . Failure to comply with the provisions of this Rule shall not affect the finality of judgment.

Cary responds that in *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240 (Tex. 1974), the Texas Supreme Court determined that a bill of review is appropriate in a fact situation similar to that in the case before us. There the losing party sought a bill of review attacking a judgment when notice of the judgment was not mailed by the clerk as required by Rule 306d.[3] The supreme court stated as follows:

> Rule 306d simply provides that the clerk's failure to comply with its provisions shall not affect the finality of the judgment. By the express terms of Rule 329b, however, a final judgment may be set aside "by bill of review for sufficient cause, filed within the time allowed by law." The finality of judgments is an important consideration, but in our opinion a court of equity should not be utterly without power to grant relief where the right to attack an unjust judgment has been lost through the failure of the clerk to perform the mandatory duty imposed by Rule 306d.

*Id.* at 245. The supreme court then held that a bill of review may be predicated on the clerk's failure to send the required notice. *Id.* Here, both parties agree that the clerk of the court failed to send these notices to Cary after Alford had obtained both the default and final judgments. We hold that a bill of review is the proper procedure to attack a final judgment when the clerk has failed to send the required notices. Alford's third issue is overruled.

## CONCLUSION

Having overruled Alford's three issues, there is no need for us to address Cary's three cross issues. *See* TEX. R. APP. P. 47.1. Accordingly, the judgment of the trial court is *affirmed*.

---

[2] Except as otherwise indicated, the rules cited in this opinion are the Texas Rules of Civil Procedure.

[3] This was the predecessor to rule 306a(3).

6

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 10, 2007.
*Panel consisted of Worthen, C.J., Griffith, J. and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 10, 2007**

## NO. 12-04-00314-CV

**MITCH ALFORD,**
Appellant

V.

**ROBERT W. CARY, M.D.,**
Appellee

---

Appeal from the 188th Judicial District Court
of Gregg County, Texas. (Tr.Ct.No. 2002-272-A)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **BE IN ALL THINGS AFFIRMED** and that all costs of this appeal are hereby adjudged against the appellant, **MITCH ALFORD**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*