Karen R. Baker, Justice, dissenting. I dissent from the majority’s opinion because the State failed to argue below that R.S.’s July 8, 2015 lap dances were prior sexual conduct pursuant to Arkansas Code Annotated section 16-42-101(a). Therefore, I would affirm the circuit court. The State’s appeal in this matter is brought pursuant to Rule 3 of the Arkansas Rules of Appellate Procedure — Criminal, which provides, in pertinent part, that an interlocutory appeal on behalf of the State may be taken only from a pretrial order in a felony prosecution that grants a motion under Arkansas Rule of Evidence 411(c) to allow evidence of the victim’s prior sexual conduct. Here, in granting Cossio’s motion to admit evidence regarding the victim’s prior sexual conduct, the circuit court held: Notwithstanding Rule 411’s exclusion on “rape shield” material, the Defendant will be permitted to elicit testimony about that events of the first evening under Rule 411(c)(2)(C), for the limited purpose of showing the prelude to the night of the alleged activity, as part of the res gestae of the case. The court finds that the events of the night before are essential to show- the relationship between the parties and that that probative value outweighs its inflammatory or prejudicial nature.' This ruling addresses whether the evidence is relevant and admissible as part of the res gestae Of the case, notwithstanding Rule 411. Nonetheless, the circuit court clearly found that the evidence was not excluded 'by either Rule 411 or the rape-shield statute. Thus, the narrow question presented in this appeal is whether the circuit court erred in finding that the |flevidence was not excluded by either Rule 411 or the rape-shield statute, Arkansas Code Annotated section 16-42-101(a). Pursuant to the rape-shield statute, “ ‘sexual conduct’ means deviate sexual activity, sexual contact, or sexual intercourse, as those terms are defined by § 5-14-101.” Ark. Code Ann. § 5-14-101(10) provides: “Sexual contact” means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Prior to analyzing the issue before the court, I must note that arguments not raised below will not be addressed for the first time on appeal. Likewise, parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of their objections as presented at trial. See Sylvester v. State, 2016 Ark. 136, 5, 489 S.W.3d 146, 149. In this case, at the hearing, the State did not contend that the lap dances themselves were sexual conduct pursuant to the rape-shield statute. Rather, the State contended "at least one of the pictures falls under Rape Shield. It’s sexual contact!,]” and asserted that the lap dances were inadmissible based on relevancy. The State did not contend that the dances were sexual conduct pursuant to the rape-shield statute, Further, it is the State’s burden on appeal to demonstrate that the circuit court erred. The State has failed to demonstrate error. Based on the record before the court, the State has to establish that the July 8, 2015 lap dances were prior sexual conduct under the rape-shield statute. With regard to the admissibility and questioning regarding the July 8, 2015 lap dances, the following colloquy occurred at the hearing: The State: Your Honor, I guess if the State wants to go first on that. First of all, I believe that State, Defense Exhibit | mNo. 2 and 1 for that matter, since they’re text messages of the same pictures or some of the samé' pictures, we believe first of all they’re irrelevant. I believe that they do, or at least one of the pictures falls under Rape Shield. It’s sexual contact.[3] The Court: Response? Defense Attorney: I first off don’t .believe it’s sexual contact as prescribed by the statute. Specifically the Bobo [v. State] case, 267 Ark. 1 [589 S.W.2d 5 (1979)], states — It’s basically the court excluded some nude photographs, but it was excluded for holding that the probative value was outweighed by the prejudicial nature, but they specifically go on to say: “Since posing nude for a photograph does not fall within the statutory definition of sexual conduct, we are not convinced that act was meant to permit the introduction, or it was meant to preclude the introduction of such evidence.” Simply, put, the State has failed to demonstrate that the fact that the lap dances occurred satisfied the definition of “sexual conduct.” R.S. testified at the hearing that “[f]rom [her] point of view, what happened [the] night before was strictly lap. dancing, and nothing sexual occurred.” While the State argued that what happened on'July 8, 2015 was .irrelevant, it did not argue that the fact that lap dances occurred between Harrelson and R.S, op July 8, 2015 was “sexual, conduct” and should have been excluded pursuant to the rape-shield statute. Therefore, I dissent from the majority opinion and would affirm the circuit court. . The pictures were excluded by' circuit court and are not an issue in this appeal.